St. Louis Southwestern Railway Company *v.* Gate City Co-operative Grocery Company.

Opinion delivered November 30, 1901.

Corporations—Identity.—Where there were two separate and distinct railroad companies, the line of one commencing at the terminus of the other, one of the companies cannot be garnished for a debt due by the other to one of the latter's employees, in the absence of proof that the two companies were jointly liable, though some of the officers of the two companies were the same persons.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*Sam H. West* and *John T. Sifford,* for appellant.

The Arkansas and Texas companies are separate, and in no way responsible upon each other's contracts. 136 U. S. 356.

BATTLE, J. The Gate City Co-operative Grocery Company recovered a judgment in the court of W. J. Smither, a justice of the peace of Miller county, in this state, against R. J. Southerland, for the sum of twenty-four dollars and costs. Upon this judgment the grocery company sued out a writ of garnishment against the St. Louis Southwestern Railway Company. The garnishee answered denying indebtedness to the defendant, and plaintiff denied the answer. The issue joined was tried by a jury, and they returned a verdict in favor of the plaintiff. On this verdict a judgment was rendered against the garnishee for thirty dollars and three cents; and it appealed.

The evidence adduced at the trial shows the existence of two corporations. One was the St. Louis Southwestern Railway Company. It was incorporated in the state of Missouri, and its railway extends to the state line between the states of Arkansas and Texas at Texarkana. The other was the St. Louis Southwestern Railway Company of Texas. It was incorporated under the laws of Texas, and its railway begins at the state line between the states of Arkansas and Texas, at Texarkana. The defendant, R. J. Southerland, was in the employment of the latter company. The former company owed him nothing. The fact that some of the officers of the two companies were the same persons did not show that they were jointly liable to the defendant for his wages. The undisputed facts show that the two companies were separate and distinct corporations, and there was no evidence to show that they were jointly liable, or that the appellant was separately liable or indebted to the defendant, Southerland, for any amount.

The judgment of the circuit court is therefore reversed, and a final judgment is rendered in favor of the appellant.