## ARD v. BOWIE.

## Opinion delivered July 10, 1916.

GARNISHMENT—DRAFT IN PAYMENT OF FIRE LOSS.—An insurance agent, holding an undelivered draft in payment of a fire loss sustained by the defendant, can not be garnished by the defendant's creditor, since the draft is the property of the insurance company and not the agent, and no debt to the defendant is created until delivery.

Appeal from Jackson Circuit Court; *D. H. Coleman*, Judge; affirmed in part, reversed in part.

### STATEMENT BY THE COURT.

.Phillips & Ferguson Agency, hereinafter for convenience called Agency, was a corporation, located at Newport, and were agents for the Connecticut Fire Insurance Co. As such agents, on the application of one J. U. Ard, they insured in the name of Alice S. Ard, his wife, some household goods. There was a loss and Ard, acting as agent of his wife, adjusted the matter, and the insurance company sent to its agency a draft payable to J. U. Ard.

The appellee, Bowie, filed his complaint against J. U. Ard in the Jackson circuit court, asking judgment in the sum of $502.84, and also caused a writ of garnishment to be issued directed to the Agency, while it held in its hands the draft.

In its answer to the interrogatories the Agency stated that it was not indebted to the defendant and had no goods or moneys in its hands belonging to him.

On the trial it was shown that the Agency insured the property as that of J. U. Ard. The Agency books showed J. U. Ard to be the insured and the owner, and reports that the Agency sent the company showed the same. When the loss occurred it was reported to the company as the loss of J. U. Ard. The policy was written in the name of Alice S. Ard, but the Agency did not know that such was the case until the institution of this suit. The name of Mrs. Ard appearing in the body of the policy instead of J. U. Ard was a mistake. At the time the Agency wrote the policy in question it wrote also another policy for

J. U. Ard on the same property for cyclone insurance. The accounts of J. U. Ard and Alice S. Ard were kept separately.

A witness testified that she was the clerk in the office of the Agency at the time the policy was issued. She wrote a policy on the house in the name of Alice S. Ard, and also, through mistake, put the name of Alice S. Ard in the policy insuring the household goods. That should have been in the name of J. U. Ard instead of Alice S. Ard. It was the purpose of the Agency at the time to insure the household goods as the property of J. U. Ard, and Mrs. Ard's name was written in the policy through mistake.

Ard testified that he had made proof of loss, stating that the property was his, and that he had assessed the property on the tax books as his property. He further testified that he did not make any contention as to the correctness of the account sued on; that his wife was the owner of the household goods. As her agent he instructed the Agency to insure the house and the household goods. The policy was made payable to his wife, Alice S. Ard, which was correct and according to his understanding with the Agency. The policy was endorsed on the back as being the policy of J. U. Ard. He sometimes assessed the personal property in his name and sometimes in his wife's name. After the loss he adjusted the same with the Agency.

Mrs. Ard testified that the property insured and on which the loss occurred and for which the draft was issued was her property.

The writ of garnishment was directed to Phillips & Ferguson Agency, a corporation. The draft was sent by the Insurance Company to the Agency after the service of the writ of garnishment, to be delivered, but before the same was delivered the Insurance Company ordered the draft returned, which was done. Neither Ard nor Mrs. Ard were notified that the Agency had the draft, and no attempt was made to deliver it before the same was recalled by the Insurance Company. Afterwards the Insurance Company made another draft payable to the

joint orders of J. U. Ard, Alice S. Ard and the Farmers Bank. This draft was sent to Stayton & Stayton, attorneys, and upon the execution of a bond indemnifying the parties in interest the draft was delivered to the payees.

The appellants Ard and the Agency asked a per-emptory instruction in favor of the Agency, which the court refused. The court directed the jury to return a verdict in favor of the appellee against Ard, and the Agency, as garnishee, and this appeal has been duly prosecuted.

*L. L. Campbell*, for appellants.

1. The garnishee was entitled to an instructed verdict. Plaintiff could acquire no greater rights as against the garnishee than the defendant below might have exercised. 20 Cyc. 983; 70 Ark. 10; 36 L. R. A. 561; 138 Ala. 342; 123 *Id.* 336; 64 Ala. 368; 57 Cal. 193; 83 Ill. 55; 62 Ore. 476.

2. The check or draft was not the property of the insured until delivered. 7 Cyc. 683; 48 S. E. 122; Acts 1913, Act 81, § 16; 41 Ark. 331; 23 *Id.* 212. A corporation can act only by agents. 51 Me. 370. The check not having been delivered was still the property of the Insurance Company. The fire insurance company is liable. 45 Pa. Sup. Ct., 505; 80 S. E. 18.

3. The funds could not be reached by serving a writ upon the agent of the fire insurance company. Officers and employees of a corporation with whom money is deposited in their official capacity are not liable to garnishment in a suit against creditors of such corporations. 20 Cyc. 987; 39 Mich. 469; 18 Mo. 277; 2 Cranch, C. C., 571.

4. If there was a mistake in the insurance policy, it would not avail appellee. 1 R. C. S., 316. A verdict should have been instructed for defendant and garnishee.

The appellee *pro se.*

1. The judgment is for the right party. 92 Ark. 189; 73 *Id.* 211; 69 *Id.* 30. There is no dispute about the debt. It is also undisputed that the Phillips & Fer-

guson Agency had in its possession, after the garnishment was served the draft for $1,000 payable to J. U. Ard. Hence the judgment was right.

WOOD, J. (after stating the facts). The appellants do not challenge the correctness of the judgment against Ard. The only question presented by this appeal is as to whether or not a judgment, under the facts above dis-closed, should have been rendered against the Agency as garnishee.

The Insurance Company is not a party to this record. Neither was the Agency garnished as the agent of the Insurance Company. The Agency was garnished simply as a corporation.

The judgment against the Agency, as garnishee, was erroneous for several reasons:

1. In the first place, the draft was sent to the Agency to be delivered and was held by it as the property of the Insurance Company until it was delivered. It was never delivered to Ard, and until delivery took place it remained the property of the Insurance Company and was held by the Agency as the property of the Company, and not as the property of Ard. So long as the Agency held the draft it was subject to recall by the Insurance Company, and was recalled before it was delivered to Ard. The Agency represented the Company and not Ard. It owed no duty to Ard, and was under no liability to him for the amount of the draft. The draft could not become Ard's property until it was delivered to him.

Our statute to make uniform the law of negotiable instruments, provides: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto." Act. 81, sec. 16, Acts of 1913.

It is the general rule of the Law Merchant that deliv-ery is necessary for the completion of commercial paper. 7 Cyc. 683, *et seq.*; *Jones* v. *Jones*, 23 Ark. 212; *German Bank* v. *DeShon*, 41 Ark. 331.

The agency had not notified Ard that it held the draft for him, and the Insurance company, by sending the draft

to its agent, rather than mailing it direct to Ard, indicated an intention to retain control over the same until it was transferred by manual delivery to Ard.

2. As the agency was not indebted to the appellee Ard, the defendant in the original suit, and did not have in its hands any money or property belonging to the debtor Ard, garnishment proceedings could not be maintained against the agency.

In *Graf* v. *Wilson*, 62 Oregon 476; it is said: "The general rule is that the creditor has no greater rights against the garnishee than the defendant had before the writ was served; that he steps into the shoes of the defendant and prosecutes for him in order that the credit or property of the latter may be subjected to the payment of such judgment as may be obtained against him." And it is further said in that case: "It is not a decisive test, though a usual one, that the principal debtor be able to maintain an action or suit against the garnishee in order for garnishment to lie."

Here the draft evidenced an indebtedness of the insurance company to Ard, and not an indebtedness of its agent, the Phillips & Ferguson Agency. The Agency was a separate corporation, and, as we have seen, was not even garnished as the agent of the insurance company. See *St. L., S. W. Ry. Co.* v. *Gate City Cooperative Grocery Co.*, 70 Ark. 10. See also case note 2 to *Mayo, et al.*, v. *Milwaukee Amusement Co.*, 36 L. R. A. 561.

3. The policy covering the loss for which the draft was made was in the name of Mrs. Ard, and this was at least *prima facie* sufficient to show that Mrs. Ard was entitled to the proceeds of the draft. Such being the facts disclosed by the record, the court was certainly justified in holding that the draft was not subject to garnishment in the hands of the appellee Agency.

The court, therefore, erred in not granting appellant Agency's prayer for judgment in its favor. The judgment therefore will be reversed as to the appellant Agency and judgment entered here in its favor.

The judgment against appellant Ard is affirmed.