HINE *v*. BROWN.

Opinion delivered July 8, 1918.

GARNISHMENT—OWNERSHIP OF MONEY.—Where, in a garnishment proceeding, it appeared that money in the garnishee's hands was loaned to defendant debtor by intervener for a specific purpose which failed, upon condition that if the money was not so used it should be returned to the intervener, such money can not be reached by garnishment proceeding by a creditor of such debtor.

Appeal from Fulton Chancery Court; *G. T. Humphries,* Chancellor; reversed.

## STATEMENT OF FACTS.

On the 10th day of October, 1916, the Citizens' Bank instituted this action in the circuit court against J. W. Brown and R. W. Brown, administrator of the estate of T. J. Brown, deceased, defendants, and Taz D. Hunt, garnishee. The complaint alleged that the Citizens' Bank was a corporation organized under the laws of the State and doing business in the city of Mammoth Spring, Arkansas; that on the first day of January, 1914, T. J. Brown became indebted to the Fulton County Bank in the sum of $367.50, and executed his promissory note therefor; that said note was assigned by the Fulton County Bank to the Citizens' Bank; that, to secure the payment of said note, T. J. Brown delivered to the Fulton County Bank a promissory note executed to him by J. W. Brown for the sum of $2,126; that T. J. Brown departed this life in Fulton County in November, 1915, and that R. W. Brown was appointed administrator of his estate; that the plaintiff, Citizens' Bank, filed its claim against the estate of T. J. Brown, deceased, and the same was duly allowed; that the estate of T. J. Brown, deceased, is insolvent, and that the note of J. W. Brown and T. J. Brown has never been paid; that John W. Brown was a non-resident of the State of Arkansas. The complaint further alleged that Taz D. Hunt had in his possession the sum of $630 belonging to the defendant, J. W. Brown; that there was due on the note sued on the sum of $360 and the accrued interest.

A writ of garnishment was duly issued in accordance with the prayer of the complaint, and service was duly had upon Taz D. Hunt as garnishee. The defendant, J. W. Brown, filed an answer alleging the payment of the note executed by him to T. J. Brown and denying that he was indebted to T. J. Brown in his lifetime or to the administrator of his estate. He alleges that payment was made before the note was assigned by T. J. Brown

to the Citizens' Bank.  His answer also alleges that the
money garnished in the hands of Taz D. Hunt was
placed in his hands as clerk of the chancery court for the
purpose of redeeming certain lands in which the defend-
ant, J. W. Brown, had an interest.

J. L. Hine filed an intervention in which he claimed
that $630 was in the hands of Taz D. Hunt and asked that
it be released from the garnishment and adjudged to be
his own.   On motion of the plaintiff, this cause was trans-
ferred to the chancery court.   On the 10th day of Oc-
tober, 1916, R. W. Brown, as administrator of the estate
of T. J. Brown, deceased, instituted an action in the
circuit court against J. W. Brown to recover the prin-
cipal and interest on a note for $2,126 executed by J. W.
Brown to T. J. Brown.   An amendment was filed to this
complaint in which it was alleged that J. W. Brown was
a non-resident of the State and Taz D. Hunt had in his
possession, belonging to said defendant, $630.   A writ
of garnishment was duly issued and served upon Taz D.
Hunt.   J. W. Brown filed an answer in which he ad-
mitted that at one time he had given a note to his father,
T. J. Brown, but that they had later become partners in
a business venture, and that the note had been paid in
the settlement of the partnership affairs.   He asked that
the cause be transferred to equity.   Hine filed an inter-
vention in this case in which he claimed the $630 which
was garnished in the hands of Taz D. Hunt as being the
money of the defendant, J. W. Brown.   This case was
also transferred to the chancery court.   The cases above
referred to were consolidated and tried together in the
chancery court.   The principal point of dispute between
the parties was as to whether or not the $630 garnished in
the hands of Taz D. Hunt belonged to the intervener, J. L.
Hine, or to the defendant, J. W. Brown.   The evidence
on this point will be stated in the opinion.

The chancellor found that T. J. Brown was indebted
to the Citizens' Bank in the sum of $450 and that Brown
before his death delivered to the Citizens' Bank a promis-
sory note executed to him by J. W. Brown for $2,126

as collateral security; that the Citizens' Bank has a lien on the proceeds of said note to secure the indebtedness due it by the estate of T. J. Brown, deceased. The chancellor also found that the $630 in the hands of Taz D. Hunt belonged to J. W. Brown and that the Citizens' Bank was entitled to $450 of this amount, and that R. W. Brown, as administrator of the estate of T. J. Brown, deceased, was entitled to the balance. It was therefore decreed that the petition of the intervener, J. L. Hine, be dismissed for want of equity, and that Taz D. Hunt, the garnishee, be directed to pay to the Citizens' Bank the sum of $450 out of the funds garnished, and to pay the balance of said funds to R. W. Brown, as administrator of the estate of T. J. Brown, deceased. The intervener, J. L. Hine, has appealed to this court.

*J. M. Burrow* and *Ponder, Gibson & Ponder,* for appellant.

1. The fund in the hands of the chancery clerk was not subject to attachment or garnishment. 12 R. C. L. 776; 96 Ark. 568; 5 *Id.* 135; Kirby's Digest, § 358; Rood on Garnishment, § § 8-9; 74 N. Y. 148; 18 Ark. 213; 21 Iowa, 537; 49 Am. St. 495; 11 Paige, Ch. (N. Y.) 129; 39 Ark. 253; 80 *Id.* 1. The money was deposited to redeem certain lands. This purpose was never accomplished.

2. The statute was not followed and the attachment should not have been sustained. No copy of the attachment was served on the clerk, nor notice served.

3. Appellees can not maintain garnishment proceedings on the record. 12 R. C. L. 821; 8 L. R. A. 722; 20 Cyc. 1071; 36 Ark. 298.

4. The money belonged to Hine. It was deposited for a specific purpose never accomplished and hence was his.

*C. E. Gilmore, Ellis & Jones* and *Lehman Kay,* for appellees.

1. The money was not *in custodia legis.* 2 Words and Phr., 1801; 8 Am. & E. Enc. L. (2 ed.) 532.

2. The money was Brown's and he has not appealed. It was not Hine's money.

3. The garnishment proceedings were proper and Hunt was duly served. This case is different from 36 Ark. 298 and § 344, Kirby's Digest, does not sustain appellant's claim. It was Brown's money and he not having appealed, Hine can not complain.

4. The money was not Hine's and he has no legal right to it. He is not even the real party in interest. Kirby's Digest, § 5999. The finding of the chancellor is sustained by the evidence.

HART, J., (after stating the facts). The chancellor found that J. W. Brown owed the Citizens' Bank $450 and that the $630 in the hands of Taz D. Hunt belonged to J. W. Brown. The garnishee, Taz D. Hunt, was therefore directed to pay to the Citizens' Bank the sum of $450 out of the $630 in his hands. The intervener, J. L. Hine, alone has appealed. Therefore the decree is conclusive as to the amount due the Citizens' Bank by J. W. Brown. This brings us to the question as to whether the $630 in the hands of Taz D. Hunt belonged to J. W. Brown; for, if the money does not belong to the defendant Brown, the plaintiff Citizens' Bank is not legally or equitably entitled to it. On this point the testimony is as follows: Andrew Jackson obtained a mortgage foreclosure on the home place of T. J. Brown, deceased. Taz D. Hunt, the clerk of the chancery court and the garnishee herein, testified that J. W. Brown delivered to him the $630 involved in this suit and informed him that he was seeking to redeem his father's home place in behalf of himself and the other heirs, except Fred Brown. Hunt at first refused to take the money on the ground that the land had been already redeemed on the same day by Fred Brown, also one of the children of T. J. Brown, deceased. Later on during the day, upon the advice of the chancellor, Hunt accepted the money and gave to J. W. Brown the following receipt for it:

"Salem, Ark., Sept. 23, 1915.

"Received of J. W. Brown the sum of $630 in a certain draft on the Peoples Bank of Springfield, Mo., given to J. W. Brown, said amount is tendered by the said J. W. Brown for the use and benefit of all the heirs of the late T. J. Brown, except Fred Brown. The said amount is for the redemption of certain lands foreclosed by Andrew Jackson on the following described lands, to-wit: (The lands were then described)

"This draft is held subject to the order of the chancery court and if not used for the redemption of said lands to be returned to the said J. W. Brown."

J. W. Brown testified that he had arranged with Mr. Hine and Mr. Jackson for Mr. Hine to take up the mortgage on his father's home place; that, before the assignment of the mortgage indebtedness was made from Jackson to Hine, some of Mr. Jackson's relatives died, and this delayed the matter. During this time the redemption of a part of the lands came up. J. W. Brown went to Mr. Hine and stated the circumstances to him. Hine as a matter of accommodation to Brown furnished him with a cashier's check for $630, which was the amount estimated to be necessary to redeem the land. J. W. Brown told Hine that he and the other heirs, except Fred Brown, wanted to redeem the land, and that the money was to be used for this purpose only. If the money was not used to redeem the land, it was to be returned to Hine. Pursuant to the agreement, Hine gave to J. W. Brown a cashier's check, and Brown made a note to the bank for the amount at the suggestion of Hine.

According to the testimony of J. L. Hine, he agreed with J. W. Brown to put up the money to take up the mortgage on his father's home place for $2,126. $630 was to be put up, at first, to redeem a part of the land, and this money was furnished by Hine to J. W. Brown, who represented all the other heirs, except Fred Brown. The $630 was given to Brown with the understanding that it was to be placed with the clerk of the court for the purpose of redeeming a part of the land and if it was not

used for that purpose, it was to be returned to Hine. Hine was to be secured by a mortgage on whatever part of the real estate that was redeemed.

According to the testimony of Hine the transaction was not a loan to Brown. He stated that the money was advanced by him for the purpose of redeeming the land; that he simply took the note of Brown for the amount so that if there should be any loss it would fall on him and not on the bank of which he was an officer.

We have not set out the testimony of these witnesses on this point in full, but have stated the substance of it as it appears to us after a careful reading of their whole testimony. It is true there are some circumstances tending to contradict this view, but we think a clear preponderance of the evidence shows that the money was furnished by Hine to J. W. Brown to redeem a part of the lands from a mortgage of Jackson and that the money was to be used for no other purpose. Jackson had agreed to assign his mortgage to Hine, but some of his relatives had died and this delayed the matter. The question of redeeming a part of the land from the mortgage came up in the interval, and Hine let J. W. Brown have the $630 for the sole purpose of redeeming a part of the land. The claim of the Citizens' Bank did not originally accrue upon the faith and credit that the money on deposit with Hunt belonged to J. W. Brown. Brown's debt to the bank accrued long before that transaction. The money belonged to Hine, and was delivered by him to Brown to be used by the latter to redeem a part of the mortgaged land and for no other purpose. The general rule is, that the creditor has no greater right against the garnishee than the defendant had before the writ was served; that he steps into the shoes of the defendant and prosecutes for him in order that the credit or property of the latter may be subjected to the payment of such judgment as may be obtained against him. *Ard* v. *Bowie,* 125 Ark. 169. It is true that J. W. Brown would have had the right to withdraw this money from Taz D. Hunt for the purpose of paying it back to Hine. But, if J. W.

Brown had commenced an action against Hunt to recover the money in his own right and Hunt had interposed as a defense that the money belonged to Hine, and was held by Brown in trust for him, and had introduced the evidence which was presented in this case, J. W. Brown would have been defeated in his action. This is so because the money belonged to J. L. Hine, and J. W. Brown could not legally recover it in his own right.

We think the facts bring this case within the principles decided in *Home Land & Loan Co.* v. *Routh,* 123 Ark. 360. It was there held that money deposited in a bank by a party as agent of the principal can not be reached by garnishment proceedings by a creditor of such agent. It was also held that a creditor can not have the debt satisfied out of the property held in trust by the debtor for another, no matter how completely the debtor may have exercised apparent ownership over it, unless it was upon the face of such ownership that the credit was given. We think that a clear preponderance of the evidence shows that the funds garnished in the hands of Hunt belonged to the intervener, Hine, and that the court erred in holding that it was the property of the defendant Brown, and subject to garnishment at the hands of the plaintiff, the creditor of Brown.

It follows that the decree must be reversed, and the cause will be remanded with directions to the chancellor to release the fund from the garnishment proceedings and direct that it be paid over by the garnishee to the intervener, Hine. It is so ordered.