GEYER & ADAMS COMPANY *v*. BANK OF CENTRAL ARKANSAS.

Opinion delivered April 19, 1926.

1. GARNISHMENT—TIME OF FILING ANSWER—DISCRETION OF COURT.— Where the answer of a garnishee was filed before a default judgment was obtained against the debtor and within a short time after the return day of the writ, it was within the court's discretion to refuse to strike the answer from the files.

2. TRIAL—RIGHT TO TRANSFER CAUSE TO EQUITY.—A law case was properly transferred to equity where the case involved the priority of liens, one of which was equitable in nature and cognizable in equity.

3. BANKS AND BANKING—RESTRICTED DEPOSIT—DIVERSION.—A bank deposit made for a specific purpose is not subject to diversion by garnishment or other process, but must be used for the purpose specified.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Charles Q. Kelley* and *Henry E. Spitzberg,* for appellant.

*Trimble & Trimble,* for appellee.

HUMPHREYS, J. This suit was originally brought in the circuit court of Lonoke County against O. E. Hicks and H. H. Hicks upon two promissory notes executed by them to R. M. Tippett & Company and by said company indorsed to appellant without recourse. A writ of garnishment was sued out and served upon appellee on July 27, 1923, the date the suit was instituted.

Appellee, garnishee, filed an answer to the complaint and interrogatories on August 18, 1923, denying that it was indebted to O. E. Hicks in any sum or that it had any property in its possession belonging to him, but admitting that it had $21 belonging to H. H. Hicks, which it tendered into court.

By way of further answer it admitted that O. E. Hicks had a balance to his credit in the bank which it had advanced to O. E. Hicks and H. H. Hicks to grow a rice crop on their farm in 1923, which was secured by a chattel mortgage executed to it by them on the 24th day of March, 1923, under a distinct understanding that O. E. Hicks would check it out for no other purpose than for expenses incurred in growing the crop. It asserted an equitable lien upon the fund paramount to that claimed under the garnishment, and requested that the cause be transferred to the chancery court, which was done during the trial of the cause, over the objection and exception of appellant. The trial in the chancery court resulted in a rendition of a judgment by default against the defendants, O. E. Hicks and H. H. Hicks, for $1,303.18 in favor of appellant, and a dismissal of the garnishment proceedings against appellee. Appellant has duly prosecuted an appeal to this court from the decree dismissing the garnishment proceedings.

The facts in the case are undisputed and, in substance, are as follows:   O. E. Hicks and H. H. Hicks were rice farmers, who lost so heavily in the year 1920 that they were compelled to mortgage their farm for $28,000 to cover their losses and to raise money to grow their annual crops by pledging all their personal property, together with their growing crops.   They were really insolvent, but had not taken the benefit of the bankrupt law.   The unsecured paper upon which appellant sued them was given for supplies furnished in 1922 and up to February, 1923.   In accordance with the custom existing for several years, they executed a mortgage on March 24, 1923, covering their personal property and the 1923 crop, to appellee to secure advances to grow the crop, which was placed to the credit of O. E. Hicks in the bank from time to time, with the distinct understanding that it should be checked out by him to pay the expenses of raising the crop, and for no other purpose.   It was agreed that appellee might cancel or refuse to cash any check or checks drawn on the account for other purposes. The account was not designated on the books of the bank as a special account or deposit, and it was referred to by the witnesses as a general checking account or general deposit, when questioned upon that point.

Appellant's first contention for a reversal of the decree is that appellee did not answer the interrogatories exhibited against it on or before the return day of the writ, in accordance with § 4916 of Crawford & Moses' Digest.   The answer of appellee was filed before the default judgment was obtained and within a short time after the return day of the writ.   The court, in the exercise of its discretion, refused to strike the answer from the files, and we cannot say, under the circumstances, that there was any abuse of discretion on the part of the court.   This was a discretionary matter with the court.   28 Corpus Juris, § 422, p. 289; 20 Cyc. p. 1082.

Appellant next contends for a reversal of the decree because the cause was transferred to the chancery court.

The real issue involved was the priority of liens, one of which was equitable in nature and cognizable in equity. It was proper therefore to transfer the cause to that court.

Appellant's last and chief contention for a reversal of the decree is that appellee had no lien whatever upon the general deposit of O. E. Hicks, and that none could be acquired under the doctrine of offset after the service of the writ of garnishment. There would be much in this contention if the deposit was general, growing out of the relationship of debtor and creditor between O. E. Hicks and the appellee bank. This unconditional relationship did not exist, for, under the agreement, O. E. Hicks could not draw checks upon the fund for any purposes except to pay debts incurred in growing the 1923 rice crop. It is immaterial that the witnesses referred to the fund as a general deposit, for, under the agreement, it was deposited to the credit of O. E. Hicks by appellee for a special purpose, so neither O. E. Hicks nor his general creditors had any right to divert it. Certainly the garnisher, who is the appellant and plaintiff in this action, gained no greater right to or over the deposit than O. E. Hicks, and he was given authority to use it for one purpose only. A restricted deposit is not subject to diversion by garnishment or other process, but must be used for the purpose made. In short, the fund was not subject to garnishment by the general creditors of O. E. Hicks. No lien was acquired upon it by the service of the writ, hence the court correctly dismissed the garnishment proceedings.

The decree is affirmed.