GOSSETT *v.* MERCHANTS & PLANTERS BANK.

5-2810                                                    361 S. W. 2d 537

Opinion delivered November 5, 1962.

*Richard W. Hobbs,* for appellant.

*Rieves & Smith,* for appellee.

PAUL WARD, Associate Justice. Appellant and appellee are both asserting a prior claim to money deposited, as a savings account, with appellee by one Mary K. Pace. Hereafter we will refer to appellant as Gossett, to appellee as the bank, and to the depositor as Pace.

On June 10, 1959 Gossett recovered a judgment against Pace in the amount of $265.90. Gossett, being unable to collect from Pace and learning of the Pace deposit, caused a Writ of Garnishment to be issued against the bank on October 29, 1959. The writ was served on October 31, 1959.

The bank answered on November 5, 1959 as follows: (a) The bank was not indebted to Pace but did have a deposit in the name of Pace in the amount of $1,292.55, and Pace was indebted to it as evidenced by three notes, viz:

| Date of note | Date due | Amount |
|---|---|---|
| 6-16-59 | 12-16-59 | $1,250.00 |
| 8-31-59 | 12- 5-59 | 198.00 |
| 10-14-59 | 11-13-59 | 150.00 |

Each note was due "on demand, and if no demand be made, on the date . . ." (date inserted). (b) The savings account was pledged to secure the payment of the said notes.

The trial court, after a hearing, held against Gossett, and the bank was discharged with its costs. In prosecuting this appeal Gossett states that the legal question presented is whether Pace can, after a judgment is entered against her, borrow money from the bank and effectively assign the $1,292.55 savings account as security, particularly where her three notes were not due and payable when the garnishment was served.

For the reasons hereafter set forth we conclude the trial court must be affirmed.

The only testimony given at the trial was by W. L. Barbour, Jr., Executive Vice President of the bank. The pertinent part of his testimony (as abstracted) was: The three notes were paid by Pace after the garnishment was served; The notes were payable on demand (as before set out). Pace's savings account was assigned to the bank as security for the notes by two written assignments dated August 15, 1957 and February 20, 1957 as shown by attached exhibits: Assignments were attached to the savings ledger page and we held her passbook; Pace could not draw on her account without the passbook; once a loan was made to Pace her account was flagged which prevented her from drawing the money.

Based on the undisputed facts heretofore set out, the decree of the trial court must be affirmed under the de-

cision in *Geyer & Adams Company* v. *Bank of Central Arkansas,* 170 Ark. 1016, 282 S. W. 358. In that case O. E. Hicks borrowed money from appellee and placed it on deposit with the understanding he would check it out only to pay the expenses of raising a crop. The account was designated as a "special account or deposit". Appellant, a creditor of Hicks, had a Writ of Garnishment issued against the bank. This Court said the "real issue involved was the priority of liens". In affirming a decree in favor of the bank, we said:

"There would be much in this contention if the deposit was general, growing out of the relationship of debtor and creditor between O. E. Hicks and the appellee bank. This unconditional relationship did not exist, for, under the agreement, O. E. Hicks could not draw checks upon the fund for any purposes except to pay debts incurred in growing the 1923 rice crop. It is immaterial that the witnesses referred to the fund as a general deposit, for under the agreement, it was deposited to the credit of O. E. Hicks by appellee for a special purpose. . . . A restricted deposit is not subject to diversion by garnishment or other process, but must be used for the purpose made. In short, the fund was not subject to garnishment by the general creditors of O. E. Hicks. No lien was acquired upon it by the service of the writ, hence the court correctly dismissed the garnishment proceedings."

In the case under consideration, under the undisputed facts, there can be no doubt Pace's deposit was "restricted" and, therefore, not subject to diversion by garnishment. Any possible lien in favor of appellant dated only from the time the Writ of Garnishment was served. See: *Green* v. *Robertson,* 80 Ark. 1, 96 S. W. 138; *Hockaday* v. *Warmack,* 121 Ark. 518, 192 S. W. 263; *Harris* v. *Harris,* 201 Ark. 684, 146 S. W. 2d 539. Long before that time Pace's deposit had been restricted. It is immaterial whether the three notes held by the bank were payable on demand or at some date in the future.

Affirmed.