KENNIE LEWIS ET UX *v.* FIRESTONE TIRE & RUBBER CO.

5-3997                                          407 S. W. 2d 750

Opinion delivered November 7, 1966

*Bernard Whetstone,* for appellant.

*Joe D. Woodward* and *Mike Kinard,* for appellee.

PAUL WARD, Justice. The question presented on this appeal is whether, under certain circumstances, the trial court has the discretion to extend the time for a garnishee to file an answer.

*Facts.* On September 28, 1965 Mr. and Mrs. Lewis (appellants) procured a judgment in circuit court against one Robert Tribble in the total sum of $6,000. The judgment was filed for record October 11, 1965. On October 12, 1965 appellants caused a Writ of Garnishment to issue against the Firestone Tire and Rubber Company, Inc. (appellee). At the same time appellants filed "Allegations and Interrogatories" directed to appellee, wherein it was alleged that appellee was indebted to said Tribble in the sum of $6,500, and appellee was asked to state what amount, if any, it owed Tribble. Pursuant to the above, a summons was issued by the clerk to the sheriff commanding him to summons ap-

pellee to appear in twenty days after service to answer the interrogatories. The Writ was served on appellee October 19, 1965, but it was not until November 23, 1965 (thirty four days after service) that appellee filed an answer, stating it owed Tribble only $128.05.

On January 3, 1966 appellants filed a Motion to set aside the answer and to enter a default judgment against appellee in the sum of $6,000 (plus interest) in favor of appellants. The trial court overruled the said motion, but entered judgment against appellee and in favor of appellants in the sum of $128.05 (plus interest). In doing so the court made this comment:

> "I think the Court's got a perfect right, within the Court's own discretion, to enlarge the time to plead here and if there was any default judgment to set it aside for good cause. Good cause certainly exists when these people only owed that man $128. and you want them to pay $6,000."

From the above order and judgment appellants prosecute this appeal and, for a reversal, rely solely on the following Point:

> "The court was in error in holding that good cause was shown (as contemplated by the statute) for the delay in answering (writ of garnishment)."

In support of the above Point appellants rely solely on, and quote extensively from, *Karoley* v. *A. R. & T. Electronics, Inc.*, 235 Ark. 609, 363 S. W. 2d 120. In that case the garnishee failed to file its answer in due time and a default judgment was entered against it. After the term of court had lapsed appellee filed a Motion to set aside the default judgment. This Motion was denied by the trial court and, on appeal, we sustained the trial court. In doing so we said the default judgment was entered against the garnishee as provided by Ark. Stat. Ann. § 31-512 (Repl. 1962). Then we went on to point out that the garnishee ". . . did not comply with the

statute applicable to setting aside a judgment after the lapse of the term (§ 29-506 *et seq.* Ark. Stats.)''.

We are unable to agree with appellants' contention that the *Karoley* case calls for a reversal of the judgment of the trial court in the case under consideration here.

First, it is pointed out that here the term of court had not lapsed and also that no default judgment had been rendered against the garnishee—which was not the situation in the *Karoley* case. In fact it appears to be conceded by appellants that the trial court had the power and discretion to refuse to enter a default judgment against the garnishee and to give it further time to answer. Consequently the vital contention of appellants is that no ''good cause was shown'' for the trial court's action. We are not in agreement with the latter contention.

The writ of garnishment was served on appellee's agent, Joseph H. Street (the Industrial Relations Manager of appellee) who, it appears, was not versed in legal procedure; Street made an effort (though a belated one) to find out what he should do; he called the circuit clerk (whose name was signed to the Writ) for advice; following that Street wrote a letter to the clerk, dated November 22, 1965, stating:

''We are holding three (3) checks totaling $128.05 of foremer employee Robert D. Tribble, against garnishment No. 6043.

''Please notify us as to the disposition of these checks and of the garnishment.''

In view of the facts set forth above, and in view of the further facts that (a) there is no contention appellee did not act in good faith, (b) there is no contention appellee actually owes Tribble more than $128.05, and (c) it would be unjust to force appellee to pay out more

than $6,000 to discharge a debt of only $128.05, we are unwilling to hold no "good cause was shown" for the action taken by the trial court. We find an abundance of legal support for the result we have reached. See: *Wilson* v. *Phillips,* 5 Ark. 183 (pp 185-186); *Pate* v. *Bryan,* 177 Ark. 79 (p. 82), 7 S. W. 2d 776; 38 C. J. S.—*Garnishment,* § 176; *Aiken* v. *Smith,* (Ga.), 23 S. E. 2nd 584, and; 6 Am. Jur. 2d—*Attachment* and *Garnishment*— § 348.

Affirmed.