JIMMY CARTER v. HELENA MARINE SERVICE, INC.

5-5721                                475 S.W. 2d 528

Opinion delivered January 31, 1972

*Schieffler & Murray,* for appellant.

*David Solomon,* for appellee.

LYLE BROWN, Justice. Appellant Jimmy Carter sued out a writ of garnishment directed to appellee, Helena Marine Service, Inc., in an effort to attach any wages in the hands of the garnishee owing one Joe Self. Although the court found that Helena Marine did not timely answer, judgment was denied on the theory that Joe Self worked as a seaman and that his wages were exempt by federal statute. The issues on appeal are whether appellant Carter was entitled to judgment on the garnishment and, if so, the amount of the judgment.

In August 1969 appellant Carter obtained judgment against Joe Self for $6,300.14. On October 18, 1969, Carter obtained a writ of garnishment directed to Helena Marine Service, alleging Helena Marine to be indebted to Self in the sum of $250. The interrogatories were served three days later. Helena Marine did not report the matter to its attorney until November 12, 1969, on which date an answer was filed, denying any indebtedness

to the judgment debtor, Self. The facts we have recited are not disputed. Nor is there any question but that Helena Marine was not indebted to Self, he having quit his employment in September 1969 and having collected all his wages.

We conclude that even if appellant was entitled to judgment against appellee because of the failure to timely file an answer to the allegations and interrogatories, under Ark. Stat. Ann. § 31-512 (Repl. 1962), the recovery should be limited to $250. That is the amount of Self's money which appellant by his pleadings alleged was in the hands of the garnishee. *Wilson* v. *Phillips*, 5 Ark. 183 (1843); *Lewis* v. *Firestone Tire & Rubber Co.*, 241 Ark. 360, 407 S. W. 2d 750 (1966). We should also note that the trial court, in the instant case, said that if that court were to enter judgment it would be for $250.

We do not agree with the trial court that the appellee garnishee is protected from payment by virtue of 46 U. S. C. A. § 601. That section excludes the wages of a seaman or apprentice from attachment or arrestment from any court, except for support and maintenance of a wife and minor children. The only evidence in the record about the status of Joe Self's position with garnishee was that he was a "seaman pilot or seaman operator." There are a number of workers in navigable waters who do not come under the term "seaman." For example, the master of a vessel is not a "seaman" within the terms of the statute. *Blackton* v. *Gordon*, 303 U. S. 91 (1938). Again, it has been held that the wages of a pilot are subject to garnishment. *William Jackman Sons* v. *Hauffman*, 287 N. Y. S. 177 (1935). From the evidence adduced we are unable to say that Joe Self's endeavours as a seaman pilot or seaman operator protected his wages from garnishment. The burden was on appellee to establish the exemption. *Blythe* v. *Jett*, 52 Ark. 547, 13 S. W. 137 (1889).

Reversed and remanded for further proceedings consistent with this opinion.