## ALUMINUM COMPANY OF AMERICA
### *v.* Katie HIGGINS

CA 81-369                                    635 S.W.2d 290

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*Carol S. Arnold* of *Rose Law Firm,* for appellant.

*Sam Ed Gibson, P.A.,* for appellee.

TOM GLAZE, Judge. Appellee instituted an action against appellant, as garnishee, to collect a judgment rendered against her former husband, Charlie Higgins, an employee of appellant, for child support arrearages. After the garnishment action was filed, appellee's ex-husband filed a voluntary petition in bankruptcy. In his Chapter 13 bankruptcy plan, he provided for payment of the $4,075 judgment, which was the subject of the garnishment action. Upon learning of the bankruptcy proceeding, Ms. Norma Gardner, appellant's employee responsible for answering garnishments, called the bankruptcy court clerk's office for advice. Ms. Gardner was informed that appellant was not required to answer appellee's garnishment action because the Chapter 13 plan had been filed. Relying on this advice,

Ms. Gardner did not cause an answer to be filed on behalf of appellant. Subsequently, the chancery court entered a judgment against appellant in the amount of $4,075 plus costs.

Appellant seeks reversal of the chancery court's judgment and argues: (1) The court lacked subject matter jurisdiction over the garnishment action; its judgment was entered in violation of the bankruptcy court's automatic stay order; and its judgment violated Section 1302 of the Bankruptcy Code in that the judgment disrupted the orderly payment of appellee's debt; and (2) In the alternative, appellant's failure to answer was due to excusable neglect.

The jurisdictional and relative issues raised by appellant, we believe, are controlled by our decision in *Van Balen v. Peoples Bank & Trust Company*, 3 Ark. App. 243, 626 S.W.2d 205 (1981), wherein we held that the automatic stay provisions of the Bankruptcy Code did not automatically stay a proceeding against a guarantor of the bankrupt debtor. In so holding, we concluded, in sum, that the filing of a voluntary petition in bankruptcy effects an automatic stay as to the commencement or continuance of any claim against the debtor or his estate, but the stay was not for the benefit of other parties.

Appellant argues that *Van Balen* is distinguishable on its facts since that case involved an action against a third party guarantor and was not directed against the debtor or his estate. Here, appellant argues further, we have a garnishment action which is directed at the property of the debtor held by the garnishee and the liability of the garnishee is limited to the amount of that property. See Ark. Stat. Ann. §§ 31-501, *et seq.*

The fallacy in appellant's argument is that under the facts and applicable law in this case, appellee's garnishment action did not impound the debtor's property or money in the possession of appellant at the time the writ was served. Rather, appellant, as garnishee, failed to file any responsive pleading to the action within the time fixed by Statute and, under Arkansas law, a judgment for the amount sought was

rendered against appellant, not the debtor. See *Karoley* v. *A. R. & T. Electronics, Inc.*, 235 Ark. 609, 363 S.W.2d 120 (1962). If appellant had properly filed an answer limiting its liability to the monies it may have held for and owed to the debtor-employee, we unquestionably would have reached a different conclusion. Since appellant failed to answer, we find the debtor's property or estate was not the subject matter of the pending garnishment proceeding. This being so, the exclusive jurisdiction of the bankruptcy court and its stay order did not serve to enjoin or otherwise affect further state court proceedings against the appellant.

We believe that Alcoa's failure to answer was due to excusable neglect. To hold otherwise would fetter and inhibit the power of courts to correct a wrong that arose from a mere inability to do right. The facts here are not unlike those found in *Lewis* v. *Firestone Tire & Rubber Company*, 241 Ark. 360, 407 S.W.2d 750 (1966). Ms. Gardner, Alcoa's employee responsible for answering garnishments, withheld Charlie Higgins' paycheck on the Friday after she received the writ of garnishment. Immediately after receipt of the writ, Ms. Gardner learned that Higgins had filed for bankruptcy. She at once called the federal bankruptcy office and was informed that she did not have to file an answer. Later, after appellee's attorney called inquiring about the writ, she again called a second time; once again, the federal bankruptcy clerk told her no answer was required. Alcoa was under a federal bankruptcy order to withhold Higgins' monies and pay them over to the Trustee in bankruptcy.

In view of the facts set forth above, and in view of the further facts that (1) there is no contention that Alcoa did not act in good faith, and (2) there is no contention that Alcoa actually owed Higgins $4,075, we find good cause to believe that Alcoa's failure to answer was due to excusable neglect. We reverse.

Reversed.

CLONINGER, J., dissents.