**In re Donnie G. and Deborah L. O'CONNOR, Debtor.**

**Donnie G. and Deborah L. O'CONNOR, Plaintiffs,**

v.

**METHODIST HOSPITAL OF JONESBORO, INC. and Professional Credit Management, Inc., Defendants.**

**Bankruptcy No. JO 83–225.
Adv. No. AP 84–194.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

June 11, 1984.

Gary E. Johnson, Jonesboro, Ark., for plaintiffs.

R. James Lyons, Jonesboro, Ark., for defendants.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

Before the Court is a Complaint for a Contempt Citation and Judgment filed on behalf of debtors against Methodist Hospital in Jonesboro, Inc. and Professional Credit Management, Inc. The debtors are represented by Gary E. Johnson, and Methodist Hospital of Jonesboro, Inc. and Professional Credit Management, Inc., (creditor) are represented by R. James Lyons. A hearing was held in this matter on May 8, 1984. The parties submitted the case to the Court on stipulated facts.

The Court, having researched the issues presented and being fully advised in the premises, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On November 30, 1983 the creditor issued a garnishment against the wages of Donnie O'Connor, one of the debtors herein, and served his employer, a Mr. Frelder, pursuant to a judgment rendered against the debtors prior to bankruptcy.

2. Debtors had previously filed a Chapter 13 petition on November 23, 1983. The creditor, Professional Credit Management, Inc., received official notice of the filing of the petition on December 27, 1983, and had received actual notice as early as December 5, 1983.

3. On February 17, 1984, no answer having been filed to the Writ of Garnishment by Mr. O'Connor's employer as required by *Ark.Stat.Ann.* § 31–506, a Default Judgment was entered against this employer for $56.23 pursuant to *Ark.Stat. Ann.* § 31–512 (Repl.1962).

4. On March 2, 1984 the creditor received a check from the garnishee/employer for $56.23.

## CONCLUSIONS OF LAW

1. The filing of the Writ of Garnishment was a violation of the automatic stay. *Matter of Batla,* 12 B.R. 397 (Bkrtcy.N.D.Ga.1981); 11 U.S.C. § 362. The stay arising from the filing of a bankruptcy petition is effective upon the date of filing regardless of whether there has been formal service or whether the creditor has received notice of the filing. *United Northwest Federal Credit Union v. Arens,* 233 Kan. 514, 664 P.2d 811; *In Re Miller,* 22 B.R. 479 (D.C.Md.1982). So the fact that the creditor did not know of this filing of the Chapter 13 petition simply means the original filing of the writ was not wilful, and, therefore, not contemptuous.

2. 11 U.S.C. § 362(a)(6) states:

... a petition ... operates as a stay, applicable to all entities, of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

The Court cannot envision a more obvious example of an act to collect or recover a claim against the property of a debtor than the issuance of a garnishment.

3. It makes no difference whether the garnishment was filed prior or subsequent to the filing of the Chapter 13 petition. At whatever stage the garnishment is, the creditor's attorney must do everything he can to halt the proceeding. *In Re Elder,* 12 B.R. 491 (Bkrtcy.M.D.Ga.1981). Some courts have even held it a violation of the stay unless the creditor takes affirmative action to dismiss the garnishment upon learning of the bankruptcy. *In re Brown,* 15 B.R. 265 (1981); *Matter of Dennis,* 17 B.R. 558 (Bkrtcy.M.D.Ga.1982). While this Court does not believe it necessary for a creditor to dismiss the garnishment, any affirmative step towards proceeding with the garnishment, such as here taking the default judgment, is clearly a wilful and deliberate violation of the automatic stay.

4. The Court is aware of *Aluminum Co. of America v. Higgins,* 5 Ark.App. 296, 635 S.W.2d 290 (1982), a case decided by the Arkansas Court of Appeals. This Court disagrees with the holding in *Alumi-num Co. of America v. Higgens, supra,* insofar as it holds the garnishment was a proceeding only against the garnishee-employer and not against the debtor. In this Court, such action is viewed as simply an indirect proceeding or act to collect, assess, and recover a claim against the debtor. A judgment taken in violation of 11 U.S.C. § 362 is simply void. *In Re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982); *In Re Posner,* 700 F.2d 1243 (9th Cir.1983). A garnishment is served on third parties who are alleged to have in their possession property of the debtor. The failure of the employer to file an answer in the garnishment proceeding means under Arkansas law that the factual allegation contained in the garnishment papers are admitted, and no proof of the alleged liability of the garnishee to the debtor is required in order to obtain a judgment, which is rendered against third parties. *Wilson v. Phillips,* 5 Ark. 183; *Karoley v. AR & T Electronics, Inc.,* 235 Ark. 609, 363 S.W.2d 120. In other words, the employer because of his default, cannot deny that he is indebted to the debtor-employee. In the Court's view, the action of the creditor taking a default judgment against anyone in a garnishment proceeding long after notice of the bankruptcy is precisely the type of action which § 362 was designed to stop. The Court thinks that such activity was calculated and wilful.

5. The basic remedy available to a debtor for a creditor's violation of the automatic stay is an application for an order of contempt. *In Re Reed,* 11 B.R. 258 (Bkrtcy.D. Utah 1981). The Bankruptcy Court's authority to enter orders for contempt has been upheld by the Eighth Circuit Court of Appeals as recently as *Lindsey v. Ipock (In Re Cox Cotton Co.),* 732 F.2d 619 (1984). *See, also,* 28 U.S.C. § 1481, 18 U.S.C. § 401, and 11 U.S.C. § 105. The Bankruptcy Court's entry of the automatic stay is a specific order of Court which may be enforced by contempt proceedings. *In Re Stacy,* 21 B.R. 49 (Bkrtcy.W.D.Va.1982); *Abt v. Household Finance Co.,* 2 B.R. 323 (Bkrtcy.E.D.Pa.1980).

The Bankruptcy Court may award compensatory damages, costs, and attorney's fees for violation of the automatic stay. *In Re Brooks*, 12 B.R. 283 (Bkrtcy.Mo.1981); *In Matter of Preferred Surfacing, Inc.*, 3 B.C.D. 94 (1976).

6. The stipulation entered into by the parties did not state whether it was the Hospital or Credit Management which determined to proceed in violation of the automatic stay. The Court will, in the interest of justice, reopen the record for purposes of receiving evidence in this regard. The Court intends to fine the culpable party $700, plus attorney's fees and costs to the debtor, and the immediate return of the property obtained in violation of the stay.

IT IS SO ORDERED.