In re Robert and Anna
MITCHELL, Debtors.

Robert and Anna MITCHELL, Movants,

v.

QUALITY PLANT SERVICE, INC. and
John D. Gay, Esq., Respondents.

Bankruptcy No. 1–86–01988.

United States Bankruptcy Court,
S.D. Ohio,
W.D.

Oct. 20, 1986.

E. Hanlin Bavely, Cincinnati, Ohio, for debtors.

John D. Gay, Gay and McCombs, Versailles, Ind., for respondents.

## DECISION AND ORDER ON MOTION TO SHOW CAUSE

BURTON PERLMAN, Bankruptcy Judge.

This is a Chapter 11 case which was filed here June 17, 1986. The debtors are individuals, debtor Robert Mitchell being employed by Indiana-Michigan Electric Company in Indiana. In addition, he carries on a business as a self-employed part-time farmer.

Respondent, Quality Plant Service, Inc. (hereafter "Quality"), represented by respondent John D. Gay, Esq. (hereafter "Gay"), filed suit against debtor Robert Mitchell in the Circuit Court of Ripley County prior to the filing of this bankruptcy case. That suit reached a stage where Gay, on behalf of his client Quality, instituted garnishment proceedings which were in progress at the time of the bankruptcy filing. The first garnishment resulted in a deduction of $198.09 from Robert Mitchell's paycheck for the period ending June 15, 1986. This was prior to the filing of the present bankruptcy petition. There were, however, four additional pay stubs reflecting garnishment withholdings which were subsequent to the date of the filing of the bankruptcy petition. An officer of Quality testified that it had not received any of the money withheld from debtor's paychecks by his employer; any such funds are in the hands of the clerk of the appropriate Indiana court.

Counsel for debtors phoned Gay on June 17, 1986, informing him of the bankruptcy filing and the automatic stay, and advising that the deductions on account of garnishments to satisfy the Quality judgment should be stopped. He then sent a letter to Gay on June 20, 1986, to the same effect. Garnishment continued, and on June 30, 1986, counsel for debtors phoned Gay, again requesting that the garnishment be stopped, but he was told that Quality did not have to release the garnishment. He said that counsel for debtors would have to get a court order to accomplish that.

On July 10, 1986, counsel for debtors secured an ex parte order from Judge Newsome of this court (Doc. # 8) which ordered Quality and Gay to cease garnishment, to release and dismiss any garnishment, and to cause any garnisheed money to be returned to debtors and to advise Robert Mitchell's employer to stop withholding funds. In addition, Gay was ordered to report to the court in detail how compliance with the order was made. There is in the file a letter from Gay to Judge Newsome dated July 17, 1986, stating that he had sent a copy of the order to Robert Mitchell's employer. In addition, he informed the court that no funds had been received by Quality. It was established at the hearing that this was the case, and the clerk of the Indiana court had not turned any funds over to Quality. We have been informed that since the hearing, Gay has seen to payment of garnisheed funds over to the debtor.

At the hearing, Gay asserted the position that he was not in violation of the automatic stay because he did nothing further with respect to garnishment after the filing of the bankruptcy case. He contended that he had no obligation to take steps to cause the withholding by Robert Mitchell's employer on account of the garnishment to stop. He referred us to *In re O'Connor*, 42 B.R. 390 (Bankr.E.D.Ark.1984), which he felt supported that position, though he was aware of contrary authority for which he cited *In re Elder*, 12 B.R. 491 (Bankr.M.D. Ga.1981).

The relevant statute, 11 U.S.C. § 362, includes the following:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of

1970 (15 U.S.C. 78eee(a)(3), operates as a stay, applicable to all entities, of—

(1) the commencment or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\* \* \* \* \* \*

We simply do not see how it is possible to avoid the application of the plain language of the foregoing which enjoins "the ... continuation ... of a judicial ... proceeding against the debtor." If one is enjoined from continuing a judicial proceeding against the debtor, one is obliged to discontinue it. It seems to us the question presented to us is as simple as that. The statute is plain and unambiguous, and where that is the case it is not necessary to resort to aids for its construction. The same outcome which we have indicated was reached by the court in *In re Elder, supra.* It is difficult to read *In re O'Connor, supra,* as inconsistent with the *Elder* case, when the court in *O'Connor* says: "At whatever stage the garnishment is, the creditor's attorney must do everything he can to halt the proceeding."

Accordingly, we find that respondents herein have violated the automatic stay of § 362. By their action of seeing to the turnover to the debtor of those funds which had been withheld from his wages pursuant to the garnishment, we consider that they have purged themselves of any contempt in connection therewith. However, in the circumstances, we deem it appropriate to impose the sanction against respondents of a reasonable attorney's fee to be paid to debtor in connection with the bringing of the present motion. We fix such fee at $100.00 to be paid by respondents to the attorney for debtor forthwith.

So Ordered.