## Hedges v. Combs, et al.

(Decided January 30, 1923.)

### Appeal from Fayette Circuit Court.

1. Contracts—Action Upon—Pleading.—A plaintiff who relies upon a contract as basis for his cause of action and makes it a part of his petition, must lose if the provisions of the written contract, when given their natural and reasonable construction, fail to show his right to maintain the action.

2. Pleading—Demurrer.—Where in an answer the defendant pleads the terms of a written contract upon which the plaintiff bases his action, a general demurrer to the answer should be overruled.

3. Pleading—Exhibits.—An exhibit to a pleading never strengthens it nor supplies omitted averments, but it often contradicts the pleading and renders it bad on demurrer.

BAILEY D. BERRY and A. B. THOMASON for appellant.

D. C. HUNTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Hedges instituted this action in the Fayette circuit court to recover $2,000.00 which he avers he paid to appellee Combs for a sixty-day option, giving him the exclusive right to purchase a one-sixteenth royalty interest in the oil and gas produced from a certain oil lease on Big Sinking creek in Lee county, Kentucky, which lease was, at the time of the making of the contract, being operated by two companies, both producing quantities of oil from the said lease, the conditions of the contract upon which the payment was being made being such that if the one-sixteenth of the said oil produced from the said lease did not amount to enough to bring in the market, when sold, the sum of $2,000.00 per month of twenty-six days of twenty-four hours constant pumping, the defendants were to and agreed by the written contract attached to the petition, to return the said $2,000.00 to the plaintiff; but if the said one-sixteenth amounted to the said $2,000.00, or more, per month of twenty-six days' constant pumping, as aforesaid, then appellant was to have the right to purchase the said lease by paying to appellee Combs an additional $33,000.00.

It is the contention of appellant that defendant Combs and his guarantor Smith were to cause the wells upon the said lease to be put to a test by pumping them, twenty-four hours per day for twenty-six consecutive days, and that appellees failed to do or cause the same to be done and that no test of the wells was actually made; on the other hand appellees insist that the wells were under the control of the two oil companies named in the contract between appellant and appellees, and that these oil companies had exclusive control of the pumping and operation of the lease and that defendants had no such control, and that this fact was well known to the appellant at the time and before the making of the said contract,

and the passing of the $2,000.00 from appellant to appellee; and that the parties did not contemplate at the time of the making of the contract that defendants, or either of them, should cause any such test of the wells to be made, but on the contrary appellant was given sixty days in which to watch and gauge the production of the said wells, and if during said time he should desire to pur-- chase the same at the price named it was his exclusive privilege to do so, but he was not bound to take the lease at all, $2,000.00 being paid as consideration for an option to purchase the said lease at the price of $33,000.00. The general demurrer to the petition was overruled and defendants filed separate answers. Plaintiff filed a general demurrer to the separate answer of defendant Smith, who was merely guarantor; and also filed motion to strike certain parts of his answer. Both this demurrer and motion were overruled. No demurrer or motion was filed to the answer of defendant Combs. Upon the overruling of the motion to strike and the demurrer to the answer of Smith, the plaintiff Hedges declined to further plead, and his petition was thereupon dismissed, and he appeals.

The written contract, in so far as it is necessary to an understanding of the questions here presented, reads as follows:

"WITNESSETH: That for and in consideration of two thousand ($2,000.00) dollars, cash in hand paid this day, the receipt of which is hereby acknowledged, first party has given, granted and sold to second party, the exclusive right and option to purchase at any time between now and the 12th day of August, 1919, including said date, an undivided one-sixteenth royalty, or undivided one-sixteenth part, of all the oil and gas in and under the following described tract or parcel of land situated and lying on the waters of Big Sinking creek in Lee county, Ky., and more particularly bounded as follows: (Here follows description.)

"The above tract is now being operated for oil and gas by the Big Sinking Oil Company, fifteen acres, and the rest by the Madison Oil & Gas Company, successors to Benton & McHenry.

"It it further understood and agreed that this is an option, and the same is granted to the second party on the following terms and conditions: That if by or before August 12, 1919, the above one-sixteenth royalty interest on the said tract of land produces two thousand ($2,000.-

00) dollars per month of twenty-six pumping days, pumping twenty-four hours each day, the said first party agrees to sell and deliver by deed and other proper transfer order, the one-sixteenth above mentioned, for the sum of thirty-three thousand ($33,000.00) dollars.''

Appellant's insistence that the contract required appellee to cause the wells on the lease to be pumped twenty-four hours per day for twenty-six days in order to make a test is not sustained by any of the provisions of the written contract in so far as we are able to discern. The contract was an option which appellant purchased at the price of $2,000.00. The property no doubt was a very valuable one, for it is asserted by defendants that the one-sixteenth royalty owned by defendant Combs was producing oil worth $2,000.00 or more every twenty-six days the lease was pumped twenty-four hours per day. In the excitement of an oil field speculators in that kind of property highly prize options to purchase producing properties with more than ordinarily good prospects of production. Such persons, however, fully understand that one owning a one-sixteenth royalty interest in an oil lease which a company, or companies, is drilling and operating, have ordinarily no control whatever over the number of days or hours which the pumping shall consecutively continue during any month, provided, of course, that the pumping is prosecuted with reasonable diligence. Construing the contract in the light of all the surrounding circumstances, we are of opinion that the parties did not contemplate that the appellee Combs was to cause the lease to be pumped continuously twenty-four hours each day for twenty-six consecutive days in order to make a test of its production. To so construe its terms would be to render it impossible of performance, when the contract was equally open to a construction which was more reasonable and susceptible of complete execution. The contract was made on June 14th and gave appellant Hedges until August 12th, nearly sixty days, in which to make up his mind whether he would pay the remaining $33,000.00 and take the lease or surrender his option and allow appellee Combs to retain the $2,000.00 paid for the option, with the proviso only that if appellee Combs had misrepresented the royalty production from the lease and the said lease was not in fact producing a sufficient quantity of oil each month of twenty-six days when pumped twenty-four hours each day, to sell on the market for $2,000.00, he was bound to

return to appellant Hedges the said $2,000.00 wrongfully obtained through his misrepresentation.

As the contract was a part of the petition, the trial court should have sustained the general demurrer to the petition; but having overruled the demurrer to the petition and the defendants having by answer specifically relied upon the terms of the contract which, in the view we have expressed, was a good defense to the action, the court properly overruled the plaintiff's demurrer to the answer of Smith. Neither was there error in the overruling of the appellant's motion to strike parts of the answer of appellee Smith. As there was no demurrer, motion or reply to the answer of appellee Combs, it was necessarily taken for true upon the declination of appellant to further plead. While an exhibit will not help a defective petition, it may, by contradicting its terms, make the pleading bad. Covington Gas & Light Co. v. City of Covington, 31 R. 124; Smith v. Phelps, 121 S. W. 656.

In as much as the contract which was a part of the petition manifested the appellant's want of a cause of action, that pleading was bad on demurrer.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.