IOWA MUTUAL LIABILITY INSURANCE COMPANY, Appellant, v. R. C. DE LA HUNT et al., Appellees; ETHEL DE LA HUNT, Intervener, Appellant.

GARNISHMENT: Lien of Garnishment—Special Deposit. A garnishing creditor can reach no greater right in the garnished funds than that possessed by the judgment defendant. So held where the judgment defendant had made a bank deposit *for a special purpose.*

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

DECEMBER 11, 1923.

REHEARING DENIED FEBRUARY 8, 1924.

PROCEEDINGS in garnishment. The facts are fully stated in the opinion.—*Affirmed.*

*Frank C. Byers* and *John M. Redmond,* for appellants.

*M. D. Porter,* for appellee.

STEVENS, J.—This is a proceeding in garnishment. Trial was had to the court without a jury, upon issues presented by the pleading of appellant, controverting the answers of J. M. Dinwiddie, as president of the Cedar Rapids Savings Bank, garnishee. Notice of garnishment was served by the sheriff upon the bank on October 9, 1922, and the answers by L. J. Derflinger, cashier, showing that appellee R. C. De La Hunt had $1,071.60 on deposit in the bank to his credit, were taken and returned by the sheriff. Later, an amendment to the answers of the cashier, verified by J. M. Dinwiddie, as president of the bank, was filed. The amended answers of the garnishee set up that the funds deposited by appellee De La Hunt in the bank were borrowed from it upon two notes, one for $500 and one for $1,100, and were to be used by him for the sole purpose of carrying out a contract which he had with the city of Cedar Rapids for the construction of a sewer, and that an assignment in writing of the certificates to the bank as they were issued, was taken to secure the payment of these notes. The denial of the answers of the garnishee applies only to the amendment verified by Dinwiddie. A jury was waived, and the issues were tried to the court, who found that the funds in the bank were deposited for the specific purpose of carrying out De La Hunt's contract with the city, and that the lien of the garnishment was junior to the right of the bank to have the same so applied.

The trial of issues upon a pleading controverting the answers of a garnishee is by ordinary proceedings, and either party is entitled to a jury. Unless, therefore, the court erred in the application of the law to disputed facts, its finding is conclusive upon this court. Dinwiddie, the president of the bank, testified concerning the loan to De La Hunt as follows:

"If the court will permit me, I might say I made no loan without first investigating what it was for,—investigating the property, the person, and the collateral. Mr. De La Hunt did borrow that money for the sole purpose as he stated, and he was not to have one cent more than was required to do it, and to be used solely and only for the completion of the sewer he was undertaking to make, and for which he assigned the certificates when they should be issued. Q. He told you that is what he wanted the money for? A. Yes. Q. That was the sole purpose? A. That is the only thing he wanted it for."

The foregoing version of the transaction is corroborated by the testimony of De La Hunt, and, to some extent, by the testimony of other witnesses. The credibility of the bank's claim is impaired to some extent by the following circumstances: De La Hunt, with the knowledge and acquiescence of the bank, undertook to assign the money in the bank to his wife. A written instrument executed for that purpose was presented to the bank, and the account transferred from De La Hunt to his wife. Two checks were drawn by him in his own name upon the account, and paid by the bank, after the attempted assignment thereof to his wife. One of these checks, for $28.40, was drawn in payment of the premium for a surety bond, as we understand the record, to be executed to the city as a part of his obligations under the sewer contract. The proceeds of the other check, which was for $6.50, De La Hunt testified he intended to use on the job. Then there is the further circumstance that the claim now asserted by the bank was not mentioned by the cashier in his answers to the interrogatories of the sheriff. Counsel for appellees urge, in support of the court's finding, that De La Hunt's contract with the city could be carried out only by the aid of the money borrowed from the bank; that the assignment of the sewer certificates as collateral security for the notes was of no value unless he was permitted to use the money for the purpose contemplated when the money was borrowed; that no certificates would otherwise be issued to him, and the bank's security would be rendered worthless. It was but natural that the bank should demand that the money remain in the bank, and that it be drawn out only in payment of obligations incurred in carrying out the sewer contract. The question is:

Does the evidence show such an agreement, arrangement, or understanding by the parties as is necessary to give the funds the character of a deposit for a specific purpose? A specific deposit exists when money is given to a bank for some specific and particular purpose. *Officer v. Officer*, 120 Iowa 389. The transaction between the bank and De La Hunt not only involved the execution of the notes and the deposit of the proceeds in the bank, but included also the assignment of the sewer certificates to it as collateral security, and whatever arrangement, if any, was made for maturing the certificates. It is no doubt true that, when the nature of the deposit is not shown, the law presumes it to be a general, rather than a specific, deposit. But this does not prevent either the bank or the depositor from proving an express agreement between them to the contrary.

It is elementary that the lien of an attaching creditor attaches only to the interest of the debtor in the funds or property attached. In other words, the right of the appellant in this case to the garnished funds is no greater than that of De La Hunt. Both are subordinate to any valid agreement between him and the bank that the fund would be paid out by the bank only for a specifically designated purpose. None of the cases cited by appellant hold to the contrary. The evidence does not show that De La Hunt is insolvent, but there is sufficient shown to justify the inference that his contract with the city could be carried out only if he were permitted to use the money in controversy.

If the testimony of Dinwiddie is true, the bank retained absolute control of the money, and it could be drawn out by De La Hunt only as required in carrying out his contract with the city, and for the specific purpose for which the bank loaned it to him. The weight and credibility of the evidence were for the court; and, as its finding on the facts has support in the record, this court will not review it.

Thus far we have given no attention to the issues tendered by Ethel De La Hunt, wife of R. C. De La Hunt, by way of a petition in intervention, setting up the written assignment of the account to her by her husband, and claiming the money in controversy. The court dismissed her petition, and we think rightly so. The conclusion reached on the other branch of the

appeal renders further consideration of intervener's appeal unnecessary.

It is our conclusion that the judgment of the court below is right, and should be affirmed both upon the appeal of the insurance company and that of the intervener.—*Affirmed.*

PRESTON, C. J., EVANS and VERMILION, JJ., concur.