# First-Mercer Nat. Bank of Harrodsburg v. Tewmey's Assignee.

(Decided Oct. 14, 1932.)

C. E. RANKIN for appellant.

E. W. DRAFFEN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Some time in March, 1930, the First National Bank of Harrodsburg consolidated with the Mercer National Bank of Harrodsburg under the charter of the latter bank and under the name First-Mercer National Bank of Harrodsburg. Pursuant to the consolidation all of the assets of each of the merged banks passed to the consolidated bank. Among such assets were three notes of James Tewmey totaling $3,475, no part of which had been paid with the exception of $68.50.

In 1917 or 1918 James Tewmey delivered to the First National Bank of Harrodsburg three Liberty bonds having a total par value of $250 for safe-keeping. Tewmey made an assignment for the benefit of his creditors, and the First-Mercer National Bank of Harrodsburg filed a claim in the Mercer county court, where that proceeding was pending, in which it set out Tewmey's indebtedness to it and claimed a lien on the bonds of Tewmey held by it for safe-keeping and the right to sell them and to apply the proceeds on the indebtedness. The assignee filed a report disallowing a lien on the Liberty bonds in favor of the bank and the bank filed exceptions to that portion of the report. The court overruled the exceptions and adjudged that the bank was not entitled to a lien. The bank appealed to the circuit court, where a similar judgment was entered, and it has now filed a motion in this court for an appeal.

The sole question presented is: Can bonds delivered to a bank for safe-keeping be reduced to cash and the proceeds applied to the depositor's matured indebtedness to the bank? It may be stated as a general rule that where moneys, securities, bonds, or other properties are deposited with the bank for a specific purpose, a special fund is constituted and such property cannot be used by the bank for the purpose of setting off or reducing any indebtedness of the depositor. The question therefore arises as to whether or not a deposit of bonds for safe-keeping constitutes a special deposit.

In Farmers' Bank v. Bailey, 221 Ky. 55, 297 S. W. 938, 939, W. N. Bailey and others deposited with the bank for safe-keeping bonds aggregating about $19,500. The bank delivered to each of the owners a certificate acknowledging receipt of his bonds and reciting that the bond or bonds would be returned to the depositor on the surrender of the certificate properly indorsed. The bank without authority from any of the owners sold the bonds, and it was held that a constructive trust arose in favor of the depositors and that they were entitled to a preferred claim on the funds on hand when the bank closed. In the course of the opinion it was said:

"There can be no doubt that the deposits were special and not general, and that the relation be-

tween the bank and each of the bondowners was that of bailee and bailor, and not that of debtor and creditor.''

The authorities are uniform in holding that a deposit of securities for safe-keeping is a special deposit.

In Marietta Trust & Banking Company v. Faw, 31 Ga. 507, 121 S. E. 244, it was held that where a customer of a bank deposits therein a bond for the sole purpose of safely keeping the same until demanded by her, the deposit is special. In Tyler County Bank v. Rhodes (Tex. Civ. App.) 256 S. W. 947, it was held that where a plaintiff deposited with a bank Liberty bonds for safe-keeping the bonds constituted a special deposit not to be paid or accounted for by the bank in money but by the identical deposit, and that the relation of bailor and bailee was created. One depositing a note in the bank for safe-keeping does not part with the legal possession or the right to control and dispose of it and confers no power upon the bank other than that of custodian. State v. Bunton, 314 Mo. 585, 285 S. W. 97, 47 A. L. R. 783.

In the following cases it was held that a special deposit is a delivery of money, securities, etc., for the purpose of having the same safely kept and the identical deposit returned to the depositor. People v. California Safety Deposit & Trust Co., 23 Cal. App. 199, 137 P. 1111, 1115; State v. Bickford, 28 N. D. 36, 147 N. W. 407, Ann. Cas. 1916D, 140; Young v. Bundy (Tex. Civ. App.) 158 S. W. 566; Carlisle First National Bank v. Graham, 100 U. S. 699, 25 L. Ed. 750.

It is stated in the claim filed by the bank in the instant case that the bonds were deposited for safe-keeping. They therefore constituted a special deposit, and the bank being a mere bailee, it is without authority to apply the proceeds of the bonds to the payment of the matured indebtedness of Tewmey. The right of set-off obtains only between persons occupying the relation existing between a bank and its general depositors. The bank's right of set-off is sometimes called a lien, but strictly speaking it is not such, since general deposits are the property of the bank and it cannot have a lien on its own property. When a general deposit is made in the bank, the money or property deposited becomes the property of the bank and the bank becomes the debtor of the depositor. Here the bank

clearly has no right of set-off and mere possession of the bonds gives it no lien.

Wherefore the motion for an appeal is sustained, the appeal granted, and the judgment is affirmed.