# Lewis, Special Deputy Banking Commissioner, et al. v. Dark Tobacco Growers' Co-Op. Ass'n et al.

(Decided Feb. 7, 1933.)

RHODES & HARLIN for appellants.
COLEMAN TAYLOR and SAM MILAM for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellants, H. C. Lewis, Special Deputy Banking Commissioner, et al., appeal from a judgment rendered against them in the Logan circuit court for the sum of $5,200 in favor of the Dark Tobacco Growers' Co-operative Association and Growers' Warehousing Corporation, the appellees.

The question involved in this appeal is whether the deposit of a certain sum of money in a bank was general and created the relation of debtor and creditor, or special and created a trust, or the relation of bailor and bailee.

The facts, as disclosed by the petition and exhibits, are, in substance, these:

The Growers' Warehousing Corporation owned certain property in Russellville, Ky., and sold same to Gorell & Gorell, who thereafter sold it to Regan and Puryear. In the meantime, while Gorells were in possession of the property and before they sold it to Regan and Puryear, a decree was entered in the United States District Court for the Western District of Kentucky, by which a lien was adjudged against all the property of the Growers' Warehousing Corporation in favor of the Dark Tobacco Growers' Co-operative Association.

When this defect in the title was discovered, the vendees, Regan and Puryear, refused to pay the total sum of the purchase price until the title was cleared and approved by the attorneys for the respective parties. Pursuant to the terms of a contract, entered into by the interested parties, the sum of $5,200 was deposited in the Bank of Russellville, to the joint account of the Dark Tobacco Growers' Co-operative Association and the Growers' Warehousing Corporation, and neither party was to withdraw the funds or any part thereof, until the lien was released. Omitting formal preliminaries, the pertinent parts of the contract read:

"Now therefore, it is agreed that the sum of $5,200.00 shall be deposited to the joint account of the Dark Tobacco Growers' Co-operative Association, Inc., and the Growers' Warehousing Corporation of Hopkinsville, Kentucky, in the Bank of Russellville, Russellville, Kentucky, with interest to be paid by the bank according to certificate of deposit and the two notes are also to be deposited in said Bank and the sums are not to be withdrawn by either the Dark Tobacco Growers' Co-operative Association, Inc., or the Growers' Warehousing Corporation of Hopkinsville, Kentucky, until the above mentioned lien has been duly and regularly released by proper orders made and entered in the above styled action, and the said orders approved by Coleman Taylor, Attorney for Robey, Regan and Puryear, at which time same shall be paid over to the Dark Tobacco Growers' Co-operative Association.

"This 7th day of March, 1929.

"Growers' Warehousing Corporation
of Hopkinsville, Ky.
"By: A. W. Crenshaw, President.
"Dark Tobacco Growers' Co-operative
Association, Inc.
"By: Reams D. Farmer,
Secretary-Treasurer."

The bank accepted the money under the terms of above contract by a writing as follows:

"Bank of Russellville, Russellville, Kentucky, hereby accepts the above deposit and agrees to hold same subject to the conditions as stated above.

"This —— day of Feb. 1929.
"Bank of Russellville, Russellville, Ky.
"By: A. G. Rhea, President."

The plaintiffs, below, filed above contract and copies of the following deposit slips as exhibits with the petition:

"Bank of Russellville, Russellville, Ky.
"12-31-29.

"Currency.
"Gold.
"Silver.
"Checks 3% interest on $5,200.00 from March 8th 1929, to January 1, 1930, $126.55. Cr. of Dark Tobacco Growers' Co-operative Association, Hopkinsville, Ky. Original Deposit Ticket, Not negotiable—Return with Book for Entry. (Copy.)"

'Bank of Russellville, Russellville, Ky.
"March 7, 1929.

"Currency.
"Gold.
"Silver.
"Checks. Taylor, Atty. $5,200.00. Cr. of Dark Tobacco Growers' Corp. Assn. and Whse. Corp. Assn. Hopkinsville, Kentucky. Original Deposit Ticket, Not negotiable—Return with Book for Entry. (Copy)"

On the 12th day of June, 1930, the Bank of Russellville was closed by order of the directors, and suspended business, and its affairs turned over to the Banking Commission of Kentucky for liquidation, and H. C. Lewis was appointed Special Deputy Banking Commissioner for that purpose. The appellees claim that the sum deposited under the contract was a special

deposit, held in trust for the purpose specified in the contract, and filed its claim with the banking commissioner, demanding payment thereof, as a preferred claim. The banking commissioner refused payment on the ground that the deposit was general, and that the appellees should share as a common creditor, whereupon, this suit was instituted. The trial court overruled a demurrer to the petition and the appellants refused to plead further. Judgment was entered in favor of the appellees.

Appellants insist that the demurrer should have been sustained, and assign a number of reasons therefor. It is very earnestly insisted that under the terms of the contract as construed together with the exhibits filed therewith, the deposit was not special nor in trust, but was in the nature of a loan to the bank on interest, and thereby created the relation of debtor and creditor as between the bank and the depositors. It is a well-settled rule in this jurisdiction that an exhibit filed with a pleading and upon which it is based, controls notwithstanding it may be contradicted by the allegations of the pleading. Section 120 Civil Code of Practice; Kentucky Mutual Co. v. Logan, 90 Ky. 364, 14 S. W. 337, 12 Ky. Law Rep. 327; Blythe v. Warner, 190 Ky. 104, 226 S. W. 669; Hedges v. Combs, 197 Ky. 469, 247 S. W. 711; Smith v. Phelps (Ky.) 121 S. W. 656.

The contract and deposit slips filed with the petition show conclusively that it was a loan to the bank. Deposits of money in a bank are either special or general—special where the specific money is to be restored, or applied to a certain purpose; general where its equivalent is to be restored or applied to a specified purpose.

It is a matter of common knowledge that interest is paid on money for the use of it.

Webster's Unabridged Dictionary defines the word "interest" as follows:

"A rate per cent. of money paid for the use of money or the forbearance of demanding payment of a debt."

A trust fund may, under certain circumstances, become a part of the assets of a bank as well as a general deposit. The fact that it was a trust fund may

not give the claimant of such fund priority over other depositors in case of insolvency of the bank. McAfee v. Bland, 11 S. W. 439, 11 Ky. Law Rep. 1; New Farmers' Bank's Trustee v. Cockrell, 106 Ky. 578, 51 S. W. 2, 21 Ky. Law Rep. 177.

Money deposited in a bank and placed with the fund of the bank creates the relation of a debtor and creditor and such fund becomes part of the assets of the bank. It is unlike a sum of money left with a bank to be paid to a particular person for a particular thing. In such case, it is not a deposit in the ordinary sense of the word. The bank merely becomes a bailee, the same as an individual would be under like or similar circumstances. For instance, if a sum of money be left with a bank to be turned over to a grantor upon delivery of deed to a grantee, it is not a deposit in the bank and therefore the bank would have no right to use such money for any purpose, and if it should do so, or should mix or commingle it with other funds, then it would be liable to the party entitled thereto, for the very obvious reason that such money was never at any time a part of the assets of the bank.

In view of the authorities and in the circumstances we conclude that the $5,200 in question herein was a loan to the bank with the obligation on its part to pay a sum equal to the principal with interest to the parties entitled thereto. Taylor v. Taylor, 78 Ky. 470; Burnam v. Commonwealth, 228 Ky. 410, 15 S. W. (2d) 256; R. C. L. III, sec. 150, p. 522; also same volume, p. 558; Butcher v. Butler, 134 Mo. 61, 114 S. W. 564.

In the case of Butcher v. Butler, supra, a deposit was made by the owner of land to secure a contractor, who had agreed to bore a well thereon. Under the terms of the contract there was nothing to show that the particular fund deposited, though placed with a trust fund account, was to be kept separate or placed with other funds. It was held that the depositor was not entitled to priority or preference over other depositors. In the case at bar, there is nothing to indicate that the fund was to be kept separate from other funds. The fact that the bank was to and did pay interest on the money refutes the theory that it was deposited as a special fund, in such manner as to create a trust, or to create the relation of trustee and cestui que trust, which fact differentiates this case from that line of cases

allowing a preference where the fund is held in trust or where the relation of bailor and bailee exists. We know of no case or instance, where a bank received a deposit, either general or special, with the right to use the money with the obligation on it to pay interest thereon, wherein it has been held by any court of any jurisdiction that such deposit was not a part of the assets of the bank.

For the reasons herein indicated, we conclude that the demurrer to the petition should have been sustained.

The judgment is reversed for proceedings consistent with this opinion.