# Brashear v. Perry Bank & Trust Company's Liquidating Agent.

(Decided Jan. 12, 1934.)

S. M. WARD for appellant.

CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Wade Brashear, who was the plaintiff below, brought this action against F. L. Cisco, liquidating agent of the Perry Bank & Trust Company, to recover the sum of $850, which, he claims, was held as a special deposit by the bank at the time it was placed in the hands of the banking commissioner for liquidation, and that to that extent he was a preferred creditor of the bank and entitled to payment of the claim in full. He alleged in substance in his petition that on, and for some time prior to, July 25, 1928, he had on time deposit in the Perry Bank & Trust Company more than $2,000, for which the bank had issued to him time deposit certificates; that on July 25, 1928, one William Campbell, charged with the violation of the National Prohibition Act, was confined in the Perry county jail, and the plaintiff desired to execute for Campbell a bond which had been fixed in the penal sum of $1,000 for his appearance in the United States District Court at Jackson, Ky., at its next term, and that it was his intention to withdraw $1,000 of the money on deposit in the Perry Bank & Trust Company and deposit same with the United States commissioner as a cash bond. He informed L. F. Brashear, president of the Perry Bank

·& Trust Company, of his intention, and L. F. Brashear agreed to sign the bond of William Campbell if plaintiff would leave $1,000 in the bank to indemnify him against loss. It was agreed that $1,000 of the deposit should be held and kept by the bank for the indemnification of L. F. Brashear until the bond and the conditions thereof had been complied with by Campbell and Brashear had been discharged from liability. The bank was placed in the hands of the banking commissioner for liquidation on November 15, 1928, and shortly thereafter William Campbell appeared in the United States District Court for the Eastern District of Kentucky and complied with the terms and conditions of the bond, and L. F. Brashear was discharged from all liability by reason thereof.

In the meantime, the liquidating agent of the Perry Bank & Trust Company had paid a dividend of 15 per cent. to the general creditors of the bank, including the plaintiff. The plaintiff brought this suit to recover the balance of the $1,000 deposit which, he claimed, was a special deposit.

It is not alleged in the petition that $1,000 in specie was withdrawn and set apart to be held by the bank to indemnify L. F. Brashear against loss, and that, in the event he was required to pay the amount of the bond, the specific money so held should be delivered to him. The most that can be gathered from the petition is that plaintiff agreed to leave on deposit in the bank at least $1,000 until L. F. Brashear had been released from all liability on the Campbell bond. The character of the deposit was not changed. The $1,000 covered by the agreement remained a part of plaintiff's general deposit, and could be used by the bank in its banking business just as it used other general deposits. The relationship of the plaintiff and the bank as to this fund was that of creditor and debtor and not that of bailor and bailee. It continued to be a part of the fund for which the bank had theretofore issued to the plaintiff time deposit certificates. The only restriction placed on the deposit by the agreement was that $1,000 of plaintiff's general deposit could not be withdrawn by him until the happening of certain contingencies.

The distinction between general and special deposits was pointed out in First-Mercer National Bank of Harrodsburg v. Tewmey's Assignee, 246 Ky. 139, 54

S. W. (2d) 672. A special deposit becomes such by specific directions, or agreement, or through circumstances such as to create a trust, and, in the absence of such agreement, or circumstances, a deposit will be deemed a general deposit, in which event the bank merely becomes a debtor of the depositor. In the absence of evidence to the contrary, a deposit of money in a bank in the ordinary course of business is presumed to be a general deposit, and the burden is on the depositor to prove that it is a special deposit. Morse on Banks and Banking, secs. 183, 186; Michie on Banks and Banking, vol. 5, sec. 328.

In Lewis v. Dark Tobacco Growers' Co-operative Association, 247 Ky. 301, 57 S. W. (2d) 8, it was held that money deposited to the joint account of claimants, who until a lien on certain property was released were not to withdraw the money from the bank which paid interest thereon, was a general and not a special deposit, and that the depositors were not entitled to priority on the bank's insolvency. There is authority to the effect that, in addition to special deposits of money in which the identical money deposited is to be returned in specie, and which merely creates the relationship of bailor and bailee as between the depositor and the bank, there is a class of deposits which is made for a special purpose, which precludes use of the funds by the bank and entitles the depositor to a preference upon insolvency of the bank. In the latter class of deposits, the deposit becomes impressed with a trust which entitles the depositor to a preference over general creditors of the bank where it becomes insolvent while holding the deposit. See annotation to Hudspeth v. Union Trust & Savings Bank, 31 A. L. R. 472, and supplemental annotations in 39 A. L. R. 930; 57 A. L. R. 386; and 60 A. L. R. 336.

The deposit in the instant case does not fall within that class of deposits in which a trust relationship arises, since it was clearly contemplated that the bank would use the deposit in its general banking business as it used other general deposits. If the plaintiff had withdrawn $1,000 of his deposit, and had then delivered the money to the bank under a specific agreement that the money was to be held as a special fund for the sole purpose of indemnifying L. F. Brashear, it might be plausibly argued that such a procedure afforded a basis for an inference that plaintiff had sought to establish a

trust fund, but, in view of the procedure adopted, there was clearly no intended alteration of the debtor and creditor relationship theretofore existing.

Accordingly, the trial court did not err in holding that plaintiff was not entitled to priority and in sustaining the demurrer to the petition.

The judgment is affirmed.