## Reynolds et al. v. Wilhoit, Banking Com'r, et al.

March 7, 1941.

R. L. Bronaugh for appellants.

Glenn Ricketts and John S. Deering for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant, plaintiff below, suing as administrator of the estate of William Reynolds, in May of 1936 began proceedings against Wilhoit, State Banking Commissioner, and Bishop, then in charge of liquidation of the First American Bank of Wilmore.

Pertinent allegations of the petition are to the effect that in his fiducial capacity, on May 28 and June 16, 1932, respectively, appellant had on deposit with the bank sums sufficient to meet the payment of two checks to Mrs. Jackson and Mrs. Poore, distributees of the estate of William Reynolds.

It is asserted that Mrs. Jackson presented her check and demanded payment on May 28; Mrs. Poore

presented her check on June 16, 1932, and notwithstanding the bank was then "operating on a 100 per cent basis," and had funds sufficient to meet payment of each, payment was refused. That thereafter in August of 1932, the bank by order of its directors, with approval of the Banking Department, adopted a restrictive basis of meeting check demands, by allowing withdrawal of only five per cent of a depositor's account each month.

His charge was that before and after the adoption of the 5 per cent monthly payment basis, the bank had refused to meet requests for the payment of the checks or any part thereof in cash. He alleged that on undisclosed dates in 1932, he was "required to and did reimburse," each of the distributees "for the amount of money" represented by each of the checks, and that by reason of the unlawful and wrongful refusal on the part of the bank to meet their payment he "has been damaged" to the extent of the sum total of the checks.

Upon this pleading he asked for a judgment against the Banking Commissioner and liquidating agent, in the sum total, and further "that he be adjudged a lien against all of the funds in the hands of the defendants belonging to the bank." It may be noted at this point that there is no allegation that either of the defendants had committed any act, or failed in any duty which might make either answerable in damages to appellant. There is no showing of demand for payment of the checks, or refusal to pay, except upon the part of the officers of the bank, which he alleges, during the times mentioned was operating on a solvent basis.

The defendants filed special and general demurrers, and motion to strike so much of the petition as undertook to establish a lien on funds of the bank. The court did not pass on the demurrers; unless perchance he did so in entering judgment "dismissing the petition," and from which final order appeal is prosecuted. That he might well have sustained general demurrers to the petition is clearly evidenced from the facts above stated, certainly so in respect of any personal judgment sought against defendants in their official capacity or otherwise.

Without waiving demurrer defendants answered, admitting the averments of the petition in respect of a sufficiency of funds to meet the checks aforementioned

at the time of presentment, denying in each instance that the checks were presented for payment, except as further stated; that the bank officers illegally or otherwise refused payment, and the conclusion as to damages alleged. Further answering, they alleged that when Mrs. Jackson presented her check for payment, she accepted certificate of deposit, No. 172 for the amount named in the check, which sum was placed to her credit. Later and on October 31, 1932, Mrs. Jackson by written assignment, for value and without recourse, transferred the C. D. to J. P. Reynolds, and 172 was cancelled, at which time the bank paid to appellant such interest as was due on the certificate.

As to the other check, it was stated that on June 16, 1932, the administrator drew a check on the bank against his administrator's account, and the check was deposited in her checking account, with the understanding between parties that she would be paid interest on monthly balances. She was credited with $6 interest on July 14, 1932, and with $77.88 on January 1, 1933, and drew checks against the account at various times for small amounts. On February 4, 1933, she drew a check payable to J. P. Reynolds in the sum of $3,985.04, which was then deposited by J. P. Reynolds in a savings account in his favor with the interest provision to continue. He drew a check against the account on the same day for $96.44.

These transactions, it is said, were had in the usual course of banking business, with appellant, as administrator, personally, and with Mrs. Jackson and Mrs. Poore, and were fully understood and agreed upon by the parties. Historically it is shown that on the 28th day of May, 1933, the bank was closed and its affairs placed in the hands of agents of the State Banking Department; and that all these facts and conditions pleaded as defense were known to plaintiff at all times subject to complaint in his petition, thus pleading estoppel to claim preference over other depositors of the bank. There was no reply, but the answer was at a later date controverted of record.

There is or should be little necessity for any extended reference to proof taken upon the issue. There is little contrariety, except in inconsequential points. It was shown in proof that when Mrs. Jackson presented her check, May 28, 1932, she did request payment, but

was informed by bank officers that the bank could not then meet payment, and after colloquy, and an agreement that payment would be made in the course of two weeks, she deposited the face amount and accepted a certificate of deposit. It is also shown that before and after the 5 per cent restriction order, she requested, though not urgently, that she be paid cash. With respect to Mrs. Poore's check, there does not appear to have been demand for cash. Mrs. Poore says she deposited the check to her checking account. The greater demands, and they were not vehement, came from J. P. Reynolds after he had accepted the assignment of Mrs. Jackson's certificate of deposit, and had taken over Mrs. Poore's account, which latter appears to have been within a few months before the bank was placed in liquidation. The bank however, on February 4, 1933, by letter admitted the sufficiency of the request for cash on Mrs. Jackson's certificate of deposit, and perhaps indirectly as to Mrs. Poore's savings account, which it said was refused because of the restrictive withdrawal order.

Mrs. Jackson denied that she had received the certificate of deposit, or assigned it to J. P. Reynolds, or that she had received interest thereon. She admits that she gave J. P. Reynolds some kind of paper, but that it only showed that she was to get her money in a stated time. The records of the bank show the transaction substantially as stated in the answer, by deposition of Mr. Bush, cashier of the bank until it closed. As said before, there is little conflict of evidence on material points, and the evidence taken as a whole is not sufficient to justify us in concluding that there was shown by proof and assuredly not by pleading, facts sufficient to hold defendants liable for any of the acts, failures or omissions of the bank, which it may be noted was not a party to the suit.

If there be presented by the pleadings and the proof a justiciable issue, which, as we have indicated, is extremely doubtful, it would only exist by reason of that portion of the petition which sought a lien against the funds in the liquidator's hands. This part of the action could in no event be maintained against these defendants unless and if it had been satisfactorily shown that the deposits, either by the distributees, or later by J. P. Reynolds, personally, became impressed with a

trust of that character which would entitle appellant, to a lien on deposits as against other depositors.

Counsel bases appellant's rights to such lien on section 3720b-69a-12, Kentucky Statutes, that portion of our negotiable instrument act designated "Bank Collection Code." As we read the section referred to, we cannot reach the conclusion that it has application here. Without pointing to any other specific reason, it may be said that it could hardly have application in view of appellant's pleading. This bank in question during the transactions had not "failed" or "closed," and appellant, in order to maintain his cause, was careful to allege and by proof assert that during all times mentioned the bank was operating on a 100 per cent basis.

Taking the pleadings and proof in the light most favorable to appellant, there can be little doubt but the transactions as pleaded and proven do not in any wise serve to make the deposits other than general, and not entitled to preference. Under similar circumstances we have so held. We have more than once held that certificates of deposit and saving accounts were not entitled to preference. Without going into detail, we may point to Smith v. Spicer's Guardian, 244 Ky. 68, 50 S. W. (2d) 64; Kincheloe v. Bank of Hardinsburg & Trust Co., 246 Ky. 1, 54 S. W. (2d) 384, 84 A. L. R. 1530; Lewis v. Dark Tobacco Growers' Ass'n, 247 Ky. 301, 57 S. W. (2d) 8; Perry Bank & Trust Co. v. Riggins, 233 Ky. 257, 25 S. W. (2d) 386, and the later case of Brashear v. Perry Bank & Trust Co., 252 Ky. 297, 67 S. W. (2d) 28, which we think, when applied under facts developed here, conclusively show that these deposits were never at any time impressed with such a trust, or semblance of trust, as would justify a preference or priority in favor of appellant, as against other depositors.

We find in brief for appellant a stipulation which apparently admits all the allegations of the petition, even to the extent that the bank, or its officers, willfully and wrongfully refused to pay appellant or the distributees. As we look to the stipulation, it is manifest that it was not a part of the record below, and hence is no part of the record before us. Even if it were, it would in no wise alter our conclusions. With these expressed views we find no way to disturb the judgment of the court of first instance, and it is affirmed.