**BANK ONE, PIKEVILLE,**
**Kentucky, Appellant,**

v.

**COMMONWEALTH of Kentucky, NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET and Preece Coal Company, Appellees.**

**No. 94–CA–1325–MR.**

Court of Appeals of Kentucky.

July 14, 1995.

53

Christopher M. Hill, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, for appellant.

Keith W. Virgin, Frankfort, Stephen P. Thompson, Frankfort, for appellee, Com., Natural Resources and Environmental Protection Cabinet.

Before LESTER, C.J., and HUDDLESTON and JOHNSTONE, JJ.

JOHNSTONE, Judge.

Bank One of Pikeville appeals from a Franklin Circuit Court order finding that Bank One failed to effectuate a set-off, and granting the Natural Resources and Environmental Protection Cabinet's motion to compel payment of a garnishment. While we disagree with the circuit court's reasoning, we nevertheless agree that it reached the correct result. Consequently, we affirm.

On August 3, 1984, Preece Coal Company, Inc., purchased a certificate of deposit from Bank One's predecessor[1] in the amount of $26,500. Preece purchased the CD as a surface mining reclamation bond with the Cabinet. Preece, the Cabinet and Bank One entered into an Escrow Agreement requiring Bank One to hold the CD for the benefit of the Commonwealth until the Cabinet issued a bond release. The agreement contained the following provisions:

1. [Bank One] hereby acknowledges receipt of The Certificates above listed, to be safely and securely kept by it for the stated purposes of this Agreement and subject to the terms and conditions herein, and hereby binds itself to perform completely under the terms of this Agreement and to dispose of the Certificates or the proceeds

1. Bank One's predecessor was the First National Bank of Pikeville. For simplicity, we will refer to both entities as "Bank One."

therefrom only as provided herein. [Bank One] further agrees to exercise due care in the safekeeping and delivery of The Certificates;

. . . .

9. That, for value received [Preece] does hereby assign, transfer, and set over to the Commonwealth of Kentucky all right, title and interest which [Preece] may have in The Certificates. The parties agree that The Certificates are being held solely for the benefit of the Commonwealth of Kentucky and that [Preece] has relinquished all right, title and interest to The Certificates as provided herein. [Preece] may not pledge or encumber in any manner The Certificates or any renewal certificates, or the interest due thereon, so long as the same are subject to the conditions of the bond herein[.]

During its mining operations, Preece violated Kentucky surface mining laws, resulting in civil liability to the Cabinet. The Cabinet filed suit in Franklin Circuit Court to recover approximately $40,000 in civil penalties plus interest. On April 13, 1993, the circuit court entered a default judgment against Preece for $41,241.84.

The Cabinet obtained an order of garnishment against Preece on September 23, 1993. The Cabinet then mailed the garnishment order along with a bond release, dated September 24, 1993, to Bank One on September 23. Bank One responded that it neither held nor owed any funds belonging to Preece. Therefore, Bank One returned a "zero funds" answer to the Cabinet. Apparently, Preece owed Bank One on several other unrelated notes. Bank One took the position that it was entitled to exercise a set-off against the CD funds to recover against Preece's indebtedness. Bank One had therefore placed an "administrative freeze" on the CD funds in January of 1993 to accomplish the set-off.

The Cabinet then filed the underlying motion to compel compliance with the garnishment. Relying on *Ferguson Enterprises, Inc. v. Main Supply, Inc.*, Ky.App., 868 S.W.2d 98 (1993), the circuit court held that Bank One had not taken sufficient steps to document the set-off and ordered Bank One to satisfy the garnishment. Bank One now appeals the sole issue of whether the circuit court erred in finding that the bank failed to take sufficient steps to effect the set-off under Kentucky law.

Bank One focuses its argument on why its actions amounted to an effective set-off according to *Ferguson, supra*. However, *Ferguson* addressed the requirements a bank must follow in order to effectuate a set-off from a *depositor's account*. *Ferguson*, 868 S.W.2d at 99. We do not perceive this to be the decisive issue before us now. As the Cabinet correctly responds, the Escrow Agreement in this case altered the normal debtor-creditor relationship between Preece and Bank One. The parties did not deposit the CD in "Preece's account," but instead deposited it solely for the *Cabinet's benefit* as security for the mining permit. Thus, we cannot agree with the circuit court that *Ferguson* applies to the facts of this case.

Bank deposits are typically characterized as either "general" or "special" deposits. *See* 10 Am.Jur.2d *Banks* § 360 (1963). A general deposit is ordinarily one made to the depositor's credit to be drawn upon in the usual course of banking business. *Id.* at § 364. By contrast, a special deposit involves either a deposit made for safekeeping by the bank or a deposit made for some special application or disposition. *Id.* at § 365. Where, by their contract, the parties mutually understand and intend that title to the money deposited shall not pass to the bank, the deposit is a special one. *See* 10 Am.Jur.2d *Banks* § 363. Kentucky has long recognized this distinction. *See, e.g., First Mercer National Bank of Harrodsburg v. Tewmey's Assignee*, 246 Ky. 139, 54 S.W.2d 672 (1932); *Brashear v. Perry Bank & Trust Company's Liquidating Agent*, 252 Ky. 297, 67 S.W.2d 28 (1934).

A bank may, as a general rule, apply an indebted depositor's general deposit as a set-off against debts owed the bank by the depositor. *Farmers' National Bank v. Jones*, 234 Ky. 591, 28 S.W.2d 787, 789 (1930). *See also* 10 Am.Jur.2d *Banks* § 666 (1963) and cases cited therein. However, a bank's right of set-off does not exist where the deposit is made for a special and particu-

lar purpose. *Farmers' National,* 234 Ky. 591, 28 S.W.2d at 789. *See also* 10 Am. Jur.2d *Banks* at § 673. When a bank accepts a deposit for a particular purpose, under agreement that it will pay the funds for that purpose, it cannot legally appropriate such deposit to discharge the debtor's indebtedness to it. 10 Am.Jur.2d *Banks* at § 673. *See also Masonic Savings Bank v. Bangs' Adm'r,* 84 Ky. 135, 139 (1886).

■ The construction as well as the meaning and legal effect of a written instrument, however compiled, is a matter of law for the court. *Morganfield National Bank v. Damien Elder & Sons,* Ky., 836 S.W.2d 893, 895 (1992). Clearly, the CD in this case, which was purchased and intended as a mining bond for the Cabinet's benefit, constituted a special deposit. Therefore, we find that the CD funds were not properly subject to set-off by Bank One.

■ In its reply brief, Bank One notes that, while Kentucky has not yet ruled on the issue, it is generally established that special deposits are not subject to and cannot be diverted from such purpose by attachment or garnishment to satisfy the depositor's general obligations, citing Romualdo P. Eclavea, Annotation, *Special Bank Deposits as Subject of Attachment or Garnishment to Satisfy Depositor's General Obligations,* 8 A.L.R.4th 998, 1001 (1981). The courts typically agree on the reasoning behind this rule:

> It is elementary that the lien of an attaching creditor attaches only to the interest of the debtor in the funds or property attached. In other words, the right of the ... [garnishing creditor] to the garnished funds is no greater than that of the ... [debtor]. Both are subordinate to any valid agreement between him and the bank that the fund will be paid out by the bank only for a specifically designated purpose.

*Collier v. Consolidated Cab Company,* 591 S.W.2d 391, 403 (Mo.Ct.App.1979) (quoting *Iowa Mutual Liability Insurance Company v. De La Hunt,* 197 Iowa 227, 196 N.W. 17 (1923)). *See also Capital Services, Inc. v. Dahlinger Pontiac–Cadillac, Inc.,* 10 Kan.

App.2d 328, 699 P.2d 549, 553 (1985); *Gossett v. Merchants & Planters Bank,* 235 Ark. 665, 361 S.W.2d 537, 538 (1962). We see no reason, in consonance with the view traditionally taken by Kentucky concerning special deposits, that the general rule as espoused should not apply here. Therefore, we adopt the general proposition that special deposits are not subject to garnishment or attachment to satisfy the debtor's general obligations.

Bank One continues that, because the Cabinet had not released the bond as of the date of the garnishment order,[2] the Escrow Agreement was still in place when the Cabinet served the garnishment. Therefore, if the CD was immune from Bank One's set-off, it was also immune from the Cabinet's garnishment.

As noted in the Annotation, *Special Bank Deposits, supra,* at § 4, one court has already dealt with the issue of whether a special deposit can be garnished where the deposit was made for the benefit of the garnishing creditor—precisely our situation here. In *Lutz v. Williams,* 79 W.Va. 609, 91 S.E. 460 (1917), the court reversed a verdict in favor of the garnishee bank and held that the special nature of the deposit precluded the bank's right to set-off but allowed garnishment by the creditor in whose favor the deposit was made. Indeed, we also find the District Court of Appeal of Florida succinctly enunciated this logical extension of the majority rule:

> In accordance with the basic principle of garnishment that a plaintiff merely stands in the shoes of the judgment debtor, [citations omitted], it is universally held that property which is not actually and in "good conscience" deemed to be owned by the debtor may not be secured by the judgment creditor. [Citations omitted].... *[T]he depositor's creditor is not entitled to the money if it is actually owned by somebody else. Instead, the somebody else is.*

*Ginsberg v. Goldstein,* 404 So.2d 1098, 1099 (Fla.Dist.Ct.App.1981) (emphasis added).

■ As seen above, Preece transferred to the Cabinet all rights and interest

---

2. As stated above, while the Cabinet mailed both the garnishment order and the bond release on September 23, 1993, the bond release was postdated for September 24, 1993.

in the CD funds by way of the Escrow Agreement. In short, the Cabinet is the "somebody else" who owns the CD and is entitled to the funds. Its status as garnishing creditor should not destroy that right. We therefore adopt this logical exception to the general rule and hold that, where a special deposit is made for the benefit of the garnishing creditor, the special deposit is subject to garnishment by that creditor in whose favor such deposit was made.

Consequently, we find that the circuit court reached the correct result in ordering Bank One to comply with the garnishment order. We will not overturn a correct result reached for the wrong reasons. *See Vega v. Kosair Charities Committee, Inc.,* Ky.App., 832 S.W.2d 895 (1992).

The order of the Franklin Circuit Court is affirmed.

All concur.