RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0456-MR

YVONNE T. PFANENSTIEL;
LP HARTFORD, LLC; SHC LP
HOLDINGS, LLC; SIGNATURE
HEALTHCARE AT HARTFORD
REHAB & WELLNESS CENTER, AN
ASSUMED NAME OF LP
HARTFORD, LLC; AND SIGNATURE
HEALTHCARE, LLC                                        APPELLANTS


                    APPEAL FROM OHIO CIRCUIT COURT
v.              HONORABLE TIMOTHY R. COLEMAN, JUDGE
                        ACTION NO. 18-CI-00328


STEVEN W. GEARY, AS EXECUTOR
OF THE LAST WILL AND
TESTAMENT AND ESTATE OF
JOYCE E. GEARY, DECEASED                                  APPELLEE


                            OPINION
                           AFFIRMING

                        ** ** ** ** **

BEFORE:  TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Yvonne T. Pfanenstiel; LP Hartford, LLC; SHC LP Holdings, LLC; Signature Healthcare at Hartford Rehab & Wellness Center, an Assumed Name of LP Hartford, LLC; and Signature Healthcare, LLC (hereinafter referred to as "Appellants" or "Signature Healthcare" as appropriate) appeal from findings of fact, conclusions of law, and judgment of the Ohio Circuit Court denying their motion to dismiss the action or compel arbitration in a wrongful death proceeding filed by Steven W. Geary, as executor of the last will and testament and Estate of Joyce E. Geary, deceased ("Appellee"). Appellants argue that an arbitrator should have determined whether arbitration was warranted; that Ms. Geary's signature is *prima facie* evidence of a valid agreement to arbitrate; that Appellee's implicit allegation of fraud in the execution of an arbitration agreement is insufficient to void the agreement; and that the arbitration agreement did not deprive Appellee of the ability to pursue his claim. Appellants request an opinion reversing the judgment on appeal and remanding the matter for arbitration. For the reasons addressed below, we find no error and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

On July 14, 2017, Joyce Geary was admitted as a resident at a long-term healthcare facility operated by Signature Healthcare. She remained at the facility until August 8, 2017, when she was transferred to Ohio County Hospital

-2-

where an examination revealed an extremely large, infected, necrotic pressure ulcer on her buttocks, coccyx, and sacrum areas.

Dr. Michael Campbell, a general surgeon, surgically debrided an area approximately 5.9" x 6.0" removing skin, subcutaneous tissue, muscle, and bone from the affected area. After surgery, Dr. Campbell prescribed a wound vac and long-term antibiotics, and transferred Ms. Geary to ContinueCARE Hospital in Madisonville, Kentucky. On September 29, 2017, she was again admitted at Ohio County Hospital. It appears from the record that Ms. Geary was a patient at Ohio County Hospital when she died of sepsis on October 12, 2017.

On September 26, 2018, Appellee filed the instant action in Ohio Circuit Court alleging that Signature Healthcare and nurse practitioner Yvonne T. Pfanenstiel[1] negligently failed to provide necessary and appropriate medical and nursing home care to Ms. Geary which proximately resulted in her untimely and wrongful death.

On December 6, 2018, Appellants filed a motion to dismiss the action or compel arbitration. In support of the motion, they asserted that at the time of admission to Signature Healthcare, Ms. Geary electronically executed an "Agreement to Informally Resolve and Arbitrate All Disputes" ("the Agreement"),

---

[1] Ms. Pfanenstiel was employed by an entity not a party to this action.

that the instant dispute fell squarely within the scope of the Agreement, and that, as such, the circuit court was required to dismiss the action or order arbitration.

In response, Appellee argued that Ms. Geary never signed the Agreement, and that, *arguendo*, even if she did sign it, the Agreement was not enforceable as to some or all of the issues raised in the complaint. Appellee submitted affidavits and deposition testimony of various individuals to demonstrate that Ms. Geary did not arrive at Signature Healthcare until two hours after the Agreement was purportedly executed. As such, Appellee asserted that Ms. Geary could not have signed the Agreement. Appellee and his sister also testified that they were present with Ms. Geary all day on the date of her admission to Signature Healthcare and never saw Ms. Geary execute the Agreement. In reply to Appellees, Appellants did not refute the affidavits or depositions as to the time of Ms. Geary's arrival, but argued that Appellee could not contest the validity of the Agreement because he did not allege fraud in the complaint.

The matter proceeded before the Ohio Circuit Court, resulting in findings of fact, conclusions of law, and judgment which form the basis of this appeal. In support of its judgment denying Appellants' motion to dismiss the action or order arbitration, the circuit court determined that the duty to determine whether the matter was ripe for arbitration vested with the court rather than the arbitrator. It noted that in order to survive a motion to compel arbitration, a

plaintiff must demonstrate that a material issue of fact existed as to the validity of the Agreement. The court then cited the testimony and documentary evidence supporting a finding that Ms. Geary did not execute the Agreement, which included the testimony of Signature Healthcare staff as well as that of Appellee and his sister. The court also found that even if Ms. Geary did execute the electronic signature, the Agreement was nonetheless invalid because Signature Healthcare's Admissions Director, Audrey Mercer, testified that she would have told Ms. Geary that Ms. Geary could prosecute a lawsuit irrespective of the terms of the Agreement. The court found that such a statement would have violated the terms of the Agreement. The court also noted that Ms. Mercer had no independent recollection of Ms. Geary executing the Agreement.

The circuit court entered its findings of fact, conclusions of law, and judgment on January 11, 2021, denying Appellants' motion to dismiss or compel arbitration. As there was some question regarding whether the judgment was properly distributed, the court entered an order on March 23, 2021, withdrawing the judgment and re-entering it with the date stamp of March 23, 2021. This appeal followed.[2]

---

[2] An interlocutory order denying a motion to compel arbitrary is appealable per Kentucky Revised Statutes ("KRS") 417.060.

## STANDARD OF REVIEW

We review the trial court's findings of fact pursuant to Kentucky Rules of Civil Procedure ("CR") 52.01, and will not disturb those findings unless clearly erroneous. *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). Findings of fact are not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Substantial evidence is that evidence which, when taken alone or in light of all the evidence, "has sufficient probative value to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) (citation omitted).

The interpretation of a written instrument is a matter of law for the court. *Bank One, Pikeville, Ky. v. Commonwealth, Nat. Resources and Environmental Protection Cabinet*, 901 S.W.2d 52, 55 (Ky. App. 1995). We review the application of the law to the facts *de novo*. *Keeney v. Keeney*, 223 S.W.3d 843, 848-49 (Ky. App. 2007).

## ARGUMENTS AND ANALYSIS

Appellants first argue that an arbitrator, rather than the circuit court, should have decided the issue of arbitrability. In support of this contention, they direct our attention to provisions of the Agreement which provide that the arbitrator will decide all questions relating to its content.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (internal quotation marks and citation omitted). The salient issue below was whether Ms. Geary entered into the Agreement, and in so doing agreed to submit subsequent disputes to arbitration. This issue must first be resolved before that matter is submitted to arbitration. Appellants engaged in discovery and other proceedings before the circuit court to resolve this issue, and after receiving an unfavorable result now claim that the court should never have considered the issue in the first place. Per *AT&T*, *supra*, we believe that the circuit court properly addressed the contract issue first in order to determine whether the matter should be submitted to arbitration. We find no error on this issue.

Appellants next argue that they presented a *prima facie* valid agreement to arbitrate and the circuit court erred in failing to so rule. They assert that they met the burden of establishing the existence of an arbitration agreement and that such agreements between competent persons should not be lightly set aside. Citing *Jones v Hanna*, 814 S.W.2d 287, 289 (Ky. App. 1991), Appellants argue that as "the right of private contract is no small part of the liberty of the citizen, the usual and most important function of courts is to enforce and maintain

contracts rather than to enable parties to escape their obligations on the pretext of public policy or illegality." Appellants maintain that the circuit court erred in failing to carry out this important function.

> The relevant standard concerning the validity of an arbitration clause has previously been established as follows: [t]he burden of establishing the existence of an arbitration agreement that conforms to statutory requirements rests with the party seeking to enforce it, but once prima facie evidence thereof has been presented, the statutory presumption of its validity (KRS 417.050) accrues, and the burden of going forward with evidence to rebut the presumption then shifts to the party seeking to avoid the agreement . . . and this is a heavy burden.

*Dutschke v. Jim Russell Realtors, Inc.*, 281 S.W.3d 817, 824 (Ky. App. 2008) (internal quotation marks and citations omitted).

In the matter before us, Appellants tendered evidence of the existence of an arbitration agreement. Pursuant to *Dutschke*, the burden of going forward with evidence to rebut the presumption of a valid agreement shifted to Appellee. To rebut the presumption of an enforceable arbitration agreement, Appellee asserted that Ms. Geary was not present at Signature Healthcare at the time indicated on the Agreement. In support of this assertion, Appellee offered proof that Admissions Director Mercer does not have any independent recollection of Ms. Geary executing the Agreement; that multiple electronic agreements were time stamped simultaneously, despite Ms. Mercer's testimony that she would have explained each agreement to Ms. Geary individually; that Ms. Geary was not

-8-

present in the facility when the Agreement was purportedly executed; that Appellee and his sister were present with Ms. Geary the entire day and never saw her execute the Agreement; and, that Appellants offered no explanation as to why the time stamp would be incorrect nor did they offer anything to corroborate the execution of the Agreement other than the testimony of Ms. Mercer and witness Mary Barnes, neither of whom have any memory of Ms. Geary executing the documents.

Thus, while Appellants presented *prima facie* evidence of the existence of the Agreement, Appellee presented strong evidence to rebut the presumption that an enforceable arbitration agreement was entered into by Ms. Geary and Signature Healthcare. We find no error.

Appellants go on to argue that Appellee's implicit claim of fraud was not pled in the complaint; therefore, it could not be argued before the circuit court. While acknowledging that Appellee never expressly asserted the existence of fraud in the execution of the Agreement, they argue that fraud was nevertheless implied in Appellee's response to Appellants' reliance on the Agreement as a bar to further litigation. As such, Appellants contend that Appellee should have set out a claim of fraud in the complaint, and his failure to do so bars him from asserting such claim.

The matter before us is a wrongful death action in which Ms. Geary's Estate, through Appellee, asserted that Appellants' negligence resulted in Ms. Geary's death. In response to Appellee's complaint, Appellants asserted the existence of an arbitration agreement, which Appellee denied based on the time stamp and deposition testimony, and the lack of any witnesses to Ms. Geary's execution of the Agreement. Appellee asserted no claim of fraud, and none has been argued throughout the proceeding. Rather, he argues that Ms. Geary did not provide an electronic signature to the Agreement, and that there was no meeting of the minds as to arbitration. We cannot attribute to Appellee a claim of fraud which was never alleged nor argued, and are not persuaded that the complaint improperly failed to set out such a claim.

Appellants' final assertion is that the court's acknowledgment and acceptance of the Agreement would not deprive Appellee of the ability to pursue claims on behalf of the Estate. While this assertion is true, it has no bearing on the issue of whether Ms. Geary executed the Agreement.

## CONCLUSION

The burden rested with Appellants to make a *prima facie* claim that Ms. Geary executed the Agreement. They met that burden by entering the Agreement into evidence and arguing in favor of its validity. The burden then shifted to Appellee to overcome the presumption that the Agreement was properly

executed. Appellee met that burden via the deposition testimony of multiple witnesses who testified either that Ms. Geary was not present at Signature Healthcare when the Agreement purportedly was executed, or that they never saw Ms. Geary electronically sign the Agreement. For these reasons, we affirm the findings of fact, conclusions of law, and judgment of the Ohio Circuit Court denying Appellants' motion to dismiss or compel arbitration.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

A. Pete Pullen
Louisville, Kentucky

BRIEF FOR APPELLEE:

A.V. Conway II
Justin S. Keown
Hartford, Kentucky